# United States Court of Appeals
## *for the*
# Eighth Circuit

Case No. 25-

IN RE CRYE-LEIKE, INC.,

*Petitioner.*

ON PETITION FOR A WRIT OF MANDAMUS TO THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT OF MISSOURI, NO. 4:23-CV-00788-SRB
[CONSOLIDATED WITH 4:23-CV-00945-SRB]

## PETITION FOR WRIT OF MANDAMUS

**MAYNARD NEXSEN PC**

MARCUS ANGELO MANOS
mmanos@maynardnexsen.com
1230 Main Street, Suite 700
Columbia, South Carolina 29201
Telephone: (803) 771-8900
Facsimile: (803) 253-8277

CARL S. BURKHALTER
cburkhalter@maynardnexsen.com
1901 Sixth Avenue N, Suite 1700
Birmingham, Alabama 35203
Telephone: (205) 254-1081

ALEXANDRA HARRINGTON AUSTIN
aaustin@maynardnexsen.com
205 King Street, Suite 400
Charleston, South Carolina 29401
Telephone: (843) 579-7827

**BLANTON, NICKELL, COLLINS,
DOUGLAS, HANSCHEN & PETERS, LLC**

JOSEPH C. BLANTON, JR.
jblanton@blantonlaw.com

THOMAS W. COLLINS, III
tcollins@blantonlaw.com

DIEDRE A. PETERS
dpeters@blantonlaw.com

MARK D. BLANTON
mblanton@blantonlaw.com

SHAUN D. HANSCHEN (*pro hac vice*)
shanschen@blantonlaw.com
219 South Kingshighway
P.O. Box 805
Sikeston, Missouri 63801
Telephone: (573) 471-1000
Facsimile: (573) 471-1012

*Attorneys for Petitioner Crye-Leike, Inc.*

April 16, 2025

 (800) 4-APPEAL • (624595)

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Crye-Leike, Inc., through its undersigned counsel of record, certifies that: (a) Crye-Leike, Inc. is a privately held Tennessee corporation; (b) Crye-Leike, Inc. does not hold 10% or more of stock in a publicly held company; and (c) No publicly held company holds 10% or more of Crye-Leike, Inc.'s stock.

Appellate Case: 25-1759    Page: 2    Date Filed: 04/17/2025 Entry ID: 5507828

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT ...................................................... i

TABLE OF AUTHORITIES ................................................................ iv

JURISDICTIONAL STATEMENT AND RELIEF SOUGHT ............................ 1

STATEMENT OF THE CASE .............................................................. 2

ISSUE PRESENTED ...................................................................... 3

STATEMENT OF THE FACTS ............................................................ 4

SUMMARY OF THE ARGUMENT ...................................................... 7

ARGUMENT ................................................................................ 8

I.      A REVIEWING COURT SHOULD GRANT MANDAMUS
TO PREVENT A CLEAR ABUSE OF DISCRETION OR
JUDICIAL USURPATION OF POWER HARMING A
PARTY .......................................................................... 8

II.    THE DISTRICT COURT COMMITTED A CLEAR ERROR
IN CONCLUDING THAT SECTION 12 PERMITS THE
EXERCISE OF JURISDICTION OVER A BUSINESS NOT
TRANSACTING ANY BUSINESS IN THE STATE OR
DISTRICT BY IMPUTING DE MINIMIS CONTACTS
OF A CORPORATION WITH A COMMON OWNER ................ 9

        A.    When a Complaint Fails to Allege a Defendant's
Contacts with a State and District and the Plaintiff
Cannot Come Forward with an Evidence of Contacts,
it is Clear Error of Law to Hail that Defendant into
The District ........................................................... 10

        B.    A Court Cannot Impute the Contacts of an
Independent Corporation with a Forum Simply
Because of Common Ownership ........................... 14

ii

C.     Conclusory Allegations that a Corporation is Found or Transacts Business in the District Fail to Grant Personal Jurisdiction Over that Defendant ............................ 16

D.     Failure to Specifically Allege that a Corporate Defendant is Found or Transacting Business in the District Fails to Meet the Clayton Act's Venue Requirement .......................................................................... 19

E.     The District Court Committed Clear Error in Denying Crye-Leike, Inc.'s Motion to Transfer Venue ........................ 21

III.    WHEN A CLEARLY ERRONEOUS RULING FORCES A DEFENDANT TO ENGAGE IN LENGTHY, COMPLEX AND EXPENSIVE LITIGATION IN A FORUM WHERE IT HAS NO CONTACTS AND THE DEFENDANT RAISED THE ISSUE TO THE DISTRICT COURT, SOUGHT RECONSIDERATION, CERTIFICATION OF AN INTERLOCUTORY APPEAL, MANDAMUS IS THE ONLY REMAINING MEANS OF OBTAINING APPROPRIATE RELIEF ......................................... 22

A.     When a Baseless Determination of Jurisdiction Subjects A Defendant to a Serious, Expensive and Lengthy Litigation in a Foreign Forum, the Defendant Lacks Adequate Means to Obtain Review of the Issue if it Can Only Appeal After a Final Judgment ............................ 23

B.     Mandamus is Appropriate When a Baseless Determination of Personal Jurisdiction Creates an Untenable Circumstance for a Defendant .............................. 24

CONCLUSION    ..................................................................... 25

CERTIFICATE OF COMPLIANCE .................................................... 27

CERTIFICATE OF SERVICE .......................................................... 28

SERVICE LIST    ................................................................... 29

# TABLE OF AUTHORITIES

**Cases**

*Abelesz v. OTP Bank*, 692 F.3d 638 (7th Cir. 2012) ...............................................24

*Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585 (8th Cir. 2009)...............................16

*Bros. & Sisters in Christ, LLC v. Zazzle, Inc.*, 42 F.4th 948 (8th Cir. 2022) ..........11

*Brown v. Kerkhoff*, 504 F. Supp. 2d 464 (S.D. Iowa  2007)....................................12

*Bruntjen v. Van Exel*, 506 F. Supp. 3d 673 (D. Minn. 2020) ..................................12

*Campos v. Ticketmaster Corp.*, 140 F.3d 1166 (8th Cir. 1998) ...............................20

*Cent. States, Se. & Sw. Areas Pension Fund*, 230 F.3d 934 (7th Cir. 2000)...........15

*Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367 (2004)........................................8

*City of St. Louis v. Am. Tobacco Co.*, No. 982-09652, 2003 WL 23277277
    (Mo. Cir. Dec. 16, 2003) ................................................................13

*Creative Calling Sols., Inc. v. LF Beauty Ltd.*, 799 F.3d 975 (8th Cir. 2015).........18

*Daimler AG v. Bauman*, 571 U.S. 117 (2014)........................................................17

*Daniel v. Am. Bd. Of Emergency Med.*, 428 F.3d 408 (2d Cir. 2005)....................19

*Dennis v. JPMorgan Chase & Co.*, 343 F. Supp. 3d 122 (S.D.N.Y. 2018) ............20

*EF Operating Corp. v. American Bldgs.*, 993 F.2d 1046 (3rd Cir. 1993)...............21

*Goellner-Grant v. Platinum Equity LLC*, 341 F. Supp. 3d 1022 (E.D. Mo.
    2018) ................................................................................16

*GTE New Media Servs., Inc. v. BellSouth Corp.*, 199 F.3d 1343 (D.C. Cir.
    2000) ................................................................................19

*Holub Indus., Inc. v. Wyche*, 290 F.2d 852 (4th Cir. 1961)....................................23

*Huskey v. Colgate- Palmolive Co.*, 486 F.Supp.3d 1339 (E.D. Mo. 2020)............12

*In re Apple, Inc.,* 602 F.3d 909 (8th Cir. 2010) ........................................... 9, 22, 24

*In re Bieter Co.*, 16 F.3d 929 (8th Cir. 1994) ........................................................25

*In re Blue Cross Blue Shield Antitrust Litig.*, 225 F. Supp. 3d 1269 (N.D.
    Ala. 2016) ...........................................................................17

*In re Brazile,* 993 F.3d 593 (8th Cir. 2021) ............................................................9

*In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 767 F. Supp. 2d
    649 (E.D. La. 2011) .................................................................15

Appellate Case: 25-1759     Page: 5     Date Filed: 04/17/2025 Entry ID: 5507828

*In re Chocolate Confectionary Antitrust Litigation*, 641 F. Supp. 2d 367 (M.D. Pa. 2009) ...................................................................21

*In re Kemp,* 894 F.3d 900 (8th Cir. 2018). ....................................... 9, 23

*In re Lombardi*, 741 F.3d 888 (8th Cir. 2014)........................................8

*Kaliannan v.Liang*, 2 F.4th 727 (8th Cir. 2021) ..................................11

*KM Enters., Inc., v. Global Traffic Techs., Inc.*, 725 F.3d 718 (7th Cir. 2013). ................................................................................19

*Krumm v. Kittrich Corp.*, No. 4:19 CV 182 CDP, 2019 WL 6876059 (E.D. Mo. Dec. 17, 2019) .........................................................12

*Lucas v. Gulf & W. Indus.*, 666 F.2d 800 (3d Cir. 1981).......................21

*McCabe v. Basham*, 450 F. Supp. 2d 916 (N.D. Iowa 2006) ..................13

*Miller v. Nippon Carbon Co.*, 528 F.3d 1087 (8th Cir. 2008)................18

*Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009)..........................8

*Mongler v. Knight*, No. 2:17 CV 6 CDP, 2017 WL 2931369 (E.D. Mo. July 10, 2017) ..............................................................................12

*Peterson v. Wallace*, 622 F. Supp. 2d 791 (D. Minn. 2008)...................13

*Pioneer Surgical Tech., Inc. v. Vikingcraft Spine, Inc.*, No. 2:09-CV-271, 2010 WL 2925970 (W.D. Mich. July 21, 2010) ...........................21

*State ex rel. Norfolk S. Ry. Co. v. Dolan*, 512 S.W.3d 41 (Mo. 2017) ...................17

*Steen v. Murray*, 770 F.3d 698 (8th Cir. 2014)......................................21

*Stein v. Collinson,* 499 F.2d 91 (8th Cir. 1974) .................................. 9, 23

*United States v. Scophony Corp. of Am.*, 333 U.S. 795 (1948) ..............17

*Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589 (8th Cir. 2011) ......................................................................17

*Willis Elec. Co., Ltd. v. Polygroup Macau Ltd. (BVI)*, 437 F. Supp. 3d 693 (D. Minn. 2020) ................................................................ 19, 20

*Zeavision, LLC v. Bausch & Lomb*, No. 4:21-cv-1487, 2022 WL 17092453 (E.D. Mo. Nov. 21, 2022)........................................................18

**Statutes**

15 U.S.C. § 22 ............................................................................. 8, 22

28 U.S.C. § 1391 ...............................................................................21

Appellate Case: 25-1759     Page: 6     Date Filed: 04/17/2025 Entry ID: 5507828

28 U.S.C. § 1391(b), (c), and (d) ............................................................21

All Writs Act, 28 U.S.C. § 1651(a) .............................................................1

Mo. Rev.Stat. § 506.500 ............................................................................12

Section 12 of the Clayton Act ............................................................ passim

**Other Authorities**

Wright & Miller, *Standard in Considering Transfer-Plaintiff's Privilege of Choosing Forum*, 15 Fed. Prac. & Proc. Juris. § 3848 (4th ed.) ..................23

**Rules**

Federal Rule of Appellate Procedure 21 ......................................................1

Federal Rule of Appellate Procedure 26.1 .................................................... i

Appellate Case: 25-1759     Page: 7     Date Filed: 04/17/2025 Entry ID: 5507828

**JURISDICTIONAL STATEMENT AND RELIEF SOUGHT**

The All Writs Act, 28 U.S.C. § 1651(a), and Federal Rule of Appellate Procedure 21, give this Court jurisdiction to issue a Writ of Mandamus in this matter. Crye-Leike respectfully requests that this Court grant this Petition for a Writ of Mandamus, vacate the December 16, 2024 and January 23, 2025 orders of the United States District Court for the Western District of Missouri, and instruct the district court to dismiss Crye-Leike, Inc. or transfer the claim against it to the Western District of Tennessee. Crye-Leike also seeks a stay of proceedings in the district court pending this Court's consideration of this petition.

1

## STATEMENT OF THE CASE

Crye-Leike, Inc. moved to dismiss the amended complaint because it had no contacts with Missouri at any time. Mo. to Dismiss, ECF No. 315. The district court lumped all Defendants together "three of the four named Plaintiffs [sold] homes within this District," and "each Defendant 'regularly receives revenue attributable to business transacted in this District.'" Order, Add. 1; ECF No. 590. The Amended Complaint contained no specific allegation regarding Crye-Leike, Inc. and its declarations stated the opposite. The minimal, insufficient contacts in the record involve Crye-Leike of Arkansas, Inc., not imputable to an independent Defendant, Crye-Leike, Inc.

Realizing the district court ignored its unique status as an independent corporation, Cyre-Leike, Inc. moved to reconsider on January 21, 2025. Mo. to Recons., ECF No. 640. The district court summarily denied the motion on January 23, 2025. Order, Add. 20; ECF No. 648. Crye-Leike, Inc. then moved for certification of the issue for an interlocutory appeal to this Court. Mo. for Certification, ECF No. 642 237-240. The district court denied without a hearing (as all defense motions). Order, Add. 21; ECF No. 683.

The orders forced Crye-Leike, Inc. into a district where it had no contact, defending other independent corporations. Thus, it seeks relief from this Court and requests oral argument of thirty minutes for this complex and important issue.

2

## ISSUE PRESENTED

Did the district court commit clear error in holding that Section 12 of the Clayton Act permitted the exercise of jurisdiction over Crye-Leike, Inc. by imputing the de minimis contacts of an independent corporation to Crye-Leike, Inc. when no allegation or evidence supported a control relationship between them?

3

## STATEMENT OF THE FACTS

Plaintiffs added Crye-Leike Real Estate Services as a defendant in their Consolidated Class Action Complaint filed on April 23, 2024, ECF No. 232. Plaintiffs filed a Consolidated Amended Complaint on June 11, 2024, changing the name of this defendant to Crye-Leike, Inc.  The change is of substantial importance, as it addresses a foundational misunderstanding that led to the district court's improper conclusion regarding personal jurisdiction.

As of the filing date of the Consolidated Amended Complaint, only eight of the 2,573 agents affiliated with Crye-Leike entities held Missouri real estate licenses, and all eight are agents of Crye-Leike of Arkansas, which operates in Arkansas and Oklahoma.  Decl. of Sherry Laemmle ¶¶ 4, 5, ECF No.  317-1. Those agents are also licensed in Arkansas.  *Id.* ¶ 4.  Crye-Leike, Inc. does not advertise in Missouri nor seek transactions in Missouri.  Decl. of Keith Sullivan ¶¶ 5-6, ECF No.  317-2. Crye-Leike of Arkansas operated an office in Joplin, Missouri, from October 2014 through August 2020.  Decl. Robert B. Robinson ¶¶ 4-5, ECF No.  317-3.  The last transaction in the Joplin office closed on September 12, 2020.  *Id.*  Crye-Leike of Arkansas closed an average of less than three Missouri residential transaction sides per month from April 24, 2020, to July 12, 2024.  Decl. of Laemmle ¶ 10, ECF No. 317-1.

4

Crye-Leike Franchises handles all franchise agreements that use the Crye-Leike Real Estate trademarks, service marks, forms, and methods of business operation. Decl. Sullivan ¶ 3, ECF No. 317-2. It manages contractual relationships with franchisees in Arkansas, Alabama, Florida, Kentucky, Mississippi, Puerto Rico, and Tennessee and has no franchisees in the state of Missouri. *Id*. ¶ 4. The only franchisee ever located in Missouri closed in 2015, five years before the commencement of the class period. *Id*.

Plaintiffs make no specific allegations that Crye-Leike, Inc., or any other Crye-Leike entity, transacted business in Missouri or the Western District of Missouri during the class period. Instead, Plaintiffs made repeated, non-specific, allegations against *all Defendants*. Consol. Am. Compl. ¶¶ 21-22, ECF No. 232. The only allegation specific to Crye-Leike, Inc. appears much later in the Consolidated Amended Complaint and states only that Crye-Leike, Inc. has 3,200 agents, 130 branches, and franchise offices in Alabama, Arkansas, Florida, Georgia, Kentucky, Mississippi, Oklahoma, Tennessee, and Puerto Rico. Consol. Am. Compl. ¶ 112, ECF No. 232. Notwithstanding the fact that Plaintiffs' allegation is factually incorrect, there is no mention of Crye-Leike, Inc.'s contacts with the state of Missouri. Plaintiffs failed to allege such contacts because they do not exist.

The relationship between the Crye-Leike entities makes Crye-Leike, Inc.'s situation different from any other defendant. There are seven corporations owned

by Harold Crye that primarily engage in residential real estate transactions or franchising residential real estate brokerage operations. Each corporation operates independently in marketing and serving listing sellers and potential buyers in their own geographic territory. They all purchase certain services provided by Crye-Leike, Inc. and certain goods, initially procured by Crye-Leike, Inc. Supp. Decl. of Robinson ¶¶ 9-10, ECF No. 640-1; Decl. of Steve A. Brown ¶ 2, ECF No. 666-1. The companies share a common owner and some common officers. Supp. Robinson Decl. ¶ 8, ECF No. 640-1.

The six independent corporations engaged primarily in providing residential real estate brokerage services are Crye-Leike, Inc., Crye-Leike of Arkansas, Inc., Crye-Leike of Nashville, Inc., Crye-Leike of Mississippi, Inc., Crye-Leike South, Inc., and Adaro Realty, Inc. (Adaro does not operate using the Crye-Leike® brand. Adaro is also 100% owned by Harold Crye). Brown Decl. ¶ 2, ECF No. 666-1; Supp. Robinson Decl. ¶¶ 2-3, 6, ECF No. 640-1. Crye-Leike Franchises, Inc. also operates independently of the other companies except for purchasing certain goods and services from Crye-Leike, Inc. Supp. Robinson Decl. ¶¶ 2-3, 5, ECF No. 640-1.

## SUMMARY OF THE ARGUMENT

The district court committed clear error in holding that Crye-Leike, Inc. is subject to personal jurisdiction in the Western District of Missouri (the "District"). Contrary to the district court's analysis, 15 U.S.C. § 22 does not permit the exercise of jurisdiction over Crye-Leike, Inc. Venue is also inappropriate in Missouri. The district court failed to consider Crye-Leike's specific arguments and subsequently issued cursory orders disregarding the actual allegations and facts pertinent to Crye-Leike, Inc.

First, the district court's order addresses all defendants' motions collectively, with perfunctory conclusions regarding individual arguments. The district court drew generalized conclusions for all defendants, inapposite to the actual facts and allegations about Crye-Leike, Inc. Second, the order mistakenly treats multiple Crye-Leike entities collectively and interchangeably for establishing jurisdiction and assumes Crye-Leike, Inc. is a parent corporation of the other entities. However, ***Crye-Leike, Inc. has no agents in Missouri, has never transacted business in Missouri, and Plaintiffs failed to allege facts to the contrary***. The district court's order did not address the fact that each Crye-Leike entity is its own, distinct corporation, with little connection to the other entities beyond their similar names and a natural person who owns stock in each company. Similarly, the order failed to account for the distinct nature of the Crye-Leike entities and the absence of any

7

allegations showing meaningful contacts between Crye-Leike, Inc. and Missouri. The district court's decision forces Crye-Leike to defend a complex case in a district where it is not subject to personal jurisdiction and where venue is improper. Without this Court's intervention, the foundational principles establishing proper jurisdiction and venue are ignored. This Court should vacate the district court's December 16, 2024 and January 23, 2025 orders and instruct the Western District of Missouri to either dismiss this case as to Crye-Leike or transfer venue to the Western District of Tennessee.

## ARGUMENT

### I. A REVIEWING COURT SHOULD GRANT MANDAMUS TO PREVENT A CLEAR ABUSE OF DISCRETION OR JUDICIAL USURPATION OF POWER HARMING A PARTY.

"Extraordinary writs like mandamus are 'useful safety valves for promptly correcting serious errors.'" *In re Lombardi*, 741 F.3d 888, 893–94 (8th Cir. 2014) (quoting *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111 (2009) (internal quotation and alteration omitted)). "'[O]nly exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion' will justify the invocation of the extraordinary remedy of mandamus." *Id.* (quoting *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004) (internal quotations and citation omitted)).

8

This Court held mandamus appropriate to "correct a 'clear abuse of discretion,'" such as a "clear error of law or clear error of judgment leading to a patently erroneous result." *In re Apple, Inc.,* 602 F.3d 909, 911 (8th Cir. 2010) (per curiam). To obtain the writ, three conditions must typically be satisfied. "First, the party seeking relief must have no other adequate means to attain the relief desired. Second, the petitioner must show that his right to issuance of the writ is clear and indisputable. Third, the court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *In re Brazile,* 993 F.3d 593, 594 (8th Cir. 2021) (per curiam).

A court may also grant mandamus in reviewing the denial of a motion to dismiss where the denial is "so plainly wrong as to indicate failure to comprehend or refusal to be guided by unambiguous provisions of a statute or settled common law doctrine," *Stein v. Collinson,* 499 F.2d 91, 94 (8th Cir. 1974) (per curiam), or "where continued litigation would have significant unwarranted consequences," *In re Kemp,* 894 F.3d 900, 905 (8th Cir. 2018).

## II. THE DISTRICT COURT COMMITTED A CLEAR ERROR IN CONCLUDING THAT SECTION 12 PERMITS THE EXERCISE OF JURISDICTION OVER A BUSINESS NOT TRANSACTING ANY BUSINESS IN THE STATE OR DISTRICT BY IMPUTING DE MINIMIS CONTACTS OF A CORPORATION WITH A COMMON OWNER.

The district court's interpretation and application of Section 12 of the Clayton Act constitute clear error. In reviewing the facts and allegations as pled, Plaintiffs

9

cannot possibly establish a prima facie case that Crye-Leike, Inc.'s contacts with Missouri amount to continuous and systematic contacts required for personal jurisdiction.

### A. When a Complaint Fails to Allege a Defendant's Contacts with a State and District and the Plaintiff Cannot Come Forward with Any Evidence of Contacts, it is Clear Error to Hale that Defendant into the District.

The district court's order clearly erred in concluding that the "Court has personal jurisdiction over Defendants in accordance with both the broad and narrow reading" of Section 12 of the Clayton Act. Order at 8, Add. at 8; ECF No. 590. The district court generally concluded that "Plaintiffs plausibly alleged that each Defendant participated in a nationwide conspiracy" and "each Defendant 'regularly receives revenue attributable to business transacted in this District.'" *Id*. at 9.

Regarding Crye-Leike, Inc., the district court found that "Plaintiffs plausibly allege … Defendant Crye-Leike represented parties in residential sales and has agents in this District." *Id*. The court's conclusion misapplies the allegations and facts related to Crye-Leike, Inc. rather than independent, entirely separate corporate entities. This Court discussed the required analysis for general jurisdiction:

> Critical to due process analysis is that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there. The relevant conduct and connections for the due process analysis depend on whether personal jurisdiction is alleged to be general or specific. General jurisdiction exists where a defendant is "essentially at home" in the forum state, whereas specific jurisdiction covers defendants less intimately

10

connected with a State, but only as to a narrower class of claims, namely those that arise out of or relate to the defendant's contacts' with the forum.

*Bros. & Sisters in Christ, LLC v. Zazzle, Inc*., 42 F.4th 948, 951–52 (8th Cir. 2022) (internal quotations and citations omitted).

Plaintiffs have not alleged and cannot demonstrate that Crye-Leike, Inc. has sufficient contacts in Missouri to establish general jurisdiction over it. Plaintiffs do not allege that Crye-Leike, Inc. is incorporated in Missouri, nor that any Crye-Leike-related entity, which is separate and distinct from the named defendant, Crye-Leike, Inc., was formed under the laws of the state of Missouri.

To establish specific jurisdiction, a plaintiff must satisfy the requirements of the forum state's long-arm statute and the requirements of due process under the Fifth and Fourteenth Amendments of the United States Constitution. *Kaliannan v.Liang*, 2 F.4th 727, 733 (8th Cir. 2021). Missouri's long-arm statute authorizes personal jurisdiction over defendants who engage in certain acts, including "[t]he transaction of any business" within the state and "[t]he commission of a tortious act" within the state. Mo. Rev. Stat. § 506.500. If the statute's requirements are satisfied, the court turns to "whether exercising jurisdiction over [the defendant] comports with the Due Process Clause." *Zazzle*, 42 F.4th at 951. The Eighth Circuit uses a totality of the circumstances test to evaluate specific personal jurisdiction. The factors include: "(1) the nature and quality of [defendant's] contacts with the forum

state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties." *Id.* at 952.

Plaintiffs concede that they did not use a Crye-Leike entity (or any person or entity affiliated with Crye-Leike, Inc.) as a real estate broker for any of their sales. Consol. Am. Compl. ¶¶ 29-32, ECF No. 232. To establish personal jurisdiction, Plaintiffs can only rely on transactions involving the named plaintiffs, not on unnamed class members. *See, e.g., Huskey v. Colgate- Palmolive Co.*, 486 F.Supp.3d 1339, 1351-53 (E.D. Mo. 2020) (holding that "[a]bsent class members are not parties for purposes of determining" jurisdictional prerequisites to pursue claims. (quoting *Krumm v. Kittrich Corp.*, No. 4:19 CV 182 CDP, 2019 WL 6876059, at *5 (E.D. Mo. Dec. 17, 2019)). They also cannot rely on their conspiracy allegations to create a basis for specific personal jurisdiction. *See Mongler v. Knight*, No. 2:17 CV 6 CDP, 2017 WL 2931369, *6 (E.D. Mo. July 10, 2017) (rejecting jurisdiction based on conspiracy allegations as failing to comport with due process); *Bruntjen v. Van Exel*, 506 F. Supp. 3d 673, 683 (D. Minn. 2020) (to establish personal jurisdiction via conspiracy theory, plaintiff must show "an overt act taken in furtherance of the conspiracy within the forum's boundaries."); *Brown v. Kerkhoff*, 504 F. Supp. 2d 464, 518 (S.D. Iowa 2007) (finding plaintiff's allegations of conspiracy could not "serve as a constitutionally sufficient basis to exercise in

12

personam jurisdiction" over a nonresident individual where the conspiratorial conduct otherwise fails the "minimum contacts" approach); *McCabe v. Basham*, 450 F. Supp. 2d 916, 925-26 (N.D. Iowa 2006) (holding that a court "cannot rest a finding of jurisdiction wholly on Plaintiffs' conclusory allegations of a conspiracy" and absent specific factual allegations of defendants active participation in the alleged conspiracy in the forum state, "the court cannot assert personal jurisdiction over them."); *Peterson v. Wallace*, 622 F. Supp. 2d 791, 800-01 (D. Minn. 2008) (finding where defendants did not take an act in furtherance of a conspiracy in the forum state, nor direct an agent or co-conspirator to act in furtherance of the conspiracy, there no conspiracy-based personal jurisdiction exists); *City of St. Louis v. Am. Tobacco Co*., No. 982-09652, 2003 WL 23277277, at *7 (Mo. Cir. Dec. 16, 2003) (rejecting conspiracy theory jurisdiction as inconsistent with due process, holding that "each individual defendant must, on its own, have sufficient minimum contacts with the forum state"). Put simply, Plaintiffs' only allegations related to Crye-Leike availing itself of the forum and transacting business in Missouri are vague, generalized, and conclusory as to *all Defendants*. Consol. Am. Compl. ¶¶ 21-23, ECF No. 232. There is no basis alleged to properly establish specific personal jurisdiction over Crye-Leike.

**B. A Court Cannot Impute the Contacts of an Independent Corporation With a Forum to Another Simply Because of Common Ownership.**

The district court's order clearly erred by failing to address the fact that each Crye-Leike entity is distinct and operates separately. The only Crye-Leike entities with any plausible contacts with Missouri are Crye-Leike of Arkansas, Inc. and Crye-Leike Franchises, Inc. Plaintiffs failed to name either as a defendant in this action, but even if they had, Crye-Leike of Missouri's contacts with Missouri are de minimis and Crye-Leike Franchises last franchised a Missouri location more than four years before the class period. More importantly, these contacts cannot be imputed to Crye-Leike, Inc., the entity Plaintiffs sued. The district court failed to provide any rationale for imputing those de minimis contacts to Crye-Leike, Inc.

Crye-Leike Franchises, Inc. has no franchises in Missouri, and the only franchisee ever located in Missouri closed more than half a decade before the class period commenced. Decl. Sullivan ¶ 4, ECF No. 317-2. Crye-Leike of Arkansas, Inc. has eight agents listed in Missouri as of the date the Consolidated Amended Complaint was filed, those eight agents are also licensed in Arkansas. Decl. Laemmle ¶ 4, ECF No. 317-1. Except for de minimis listings published in magazines and newspapers that may circulate in parts of Missouri, Crye-Leike of Arkansas, Inc. does not advertise in Missouri and does not actively seek out transactions in Missouri. Decl. Sullivan at ¶¶ 5-6, ECF No. 317-2. Neither the

14

activities of Crye-Leike of Arkansas, Inc., nor those of Crye-Leike Franchises, Inc., are sufficient to establish personal jurisdiction based on their contacts with Missouri.

Even assuming the activities of Crye-Leike Arkansas, Inc. or Crye-Leike Franchises, Inc. were sufficient to establish personal jurisdiction, they do not create personal jurisdiction over Crye-Leike, Inc. The fact that the same person owns stock in the Crye-Leike entities does not warrant combining the companies for the purpose of establishing personal jurisdiction. *See Cent. States, Se. & Sw. Areas Pension Fund*, 230 F.3d 934, 943 (7th Cir. 2000) ("[P]ersonal jurisdiction cannot be premised on corporate affiliation or stock ownership alone where corporate formalities are substantially observed and the parent does not exercise an unusually high degree of control over the subsidiary."). Rather, Plaintiffs must first meet the difficult burden of proving a high degree of integration between the entities, as well as a high degree of centralized direction from one company to the others. *See In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 767 F. Supp. 2d 649, 666–67 (E.D. La. 2011) ("A showing of 'clear evidence' that one corporation has control over the internal business operations and affairs of another corporation is required before the two may be fused together for jurisdictional purposes.").

Another corporation can only be subjected to personal jurisdiction based upon a related corporation's acts if the corporation outside the forum exercises total control and improperly uses the corporation acting in the forum. *Goellner-Grant v.*

15

*Platinum Equity LLC*, 341 F. Supp. 3d 1022, 1028-29 (E.D. Mo. 2018). Without plausible allegations of the type of integration and control required to impute one independent corporation's conduct to another, Plaintiffs' claims against Crye-Leike, Inc. fail.

The district court correctly noted in its order that "allegations that are 'legal conclusions or [a] formulaic recitation of the elements of a cause of action . . . may properly be set aside." Order at 3, Add. At 3; ECF No. 590. (quoting *Braden v. Wal-Mart Stores, Inc*., 588 F.3d 585, 594 (8th Cir. 2009)). The only allegation specifically directed toward Crye-Leike, Inc. incorrectly asserts that Crye-Leike has 3,200 agents and 130 branches and franchise offices in Alabama, Arkansas, Florida, Georgia, Kentucky, Mississippi, Oklahoma, Tennessee, and Puerto Rico. Consol. Am. Compl., at ¶ 112, ECF No. 232. Even though Plaintiffs' assertion is wrong as a matter of fact, Plaintiffs make no mention of these agents and offices having any connection with Missouri. None of Plaintiffs' allegations demonstrate any legitimate contact with the state of Missouri via transactions or business by the named defendant, Crye-Leike, Inc. Mandamus is proper in this case.

**C.** **Conclusory Allegations that a Corporation is Found or Transacts Business in the District Fail to Grant Personal Jurisdiction Over that Defendant.**

While the Clayton Act's national service of process and statement of jurisdiction are broad, they are subject to limitations by their own terms, which

16

restrict them to the reach allowed by the Due Process Clause of the Fifth and Fourteenth Amendments. A corporation is established in a district where it has an office or is incorporated, thereby creating a presence in that district. *See State ex rel. Norfolk S. Ry. Co. v. Dolan*, 512 S.W.3d 41, 46 (Mo. 2017) (a corporation's place of incorporation or where its principal place of business is located establishes general jurisdiction. (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)). As an alternative basis for personal jurisdiction, a corporation transacts business in the district if it enters into transactions of a substantial character. *United States v. Scophony Corp. of Am.*, 333 U.S. 795, 807 (1948). "Although there is no 'singular definitive test for transacting business,' the most important factor to consider is 'the dollar amount of business transacted in the district.'" *In re Blue Cross Blue Shield Antitrust Litig.*, 225 F. Supp. 3d 1269, 1293 (N.D. Ala. 2016).

As discussed *supra*, Plaintiffs make only general, conclusory allegations that *every* defendant transacts business in this district. Consol. Am. Compl. ¶¶ 20 – 22, ECF No. 232. Conclusory and speculative allegations do not support personal jurisdiction under the Clayton Act, even at the initial stages of litigation when the plaintiff's burden is light. *Zazzle*, 42 F.4th at 951 (requiring the pleading of sufficient facts to support a reasonable inference that the defendant can be subjected to jurisdiction within the state); *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 598 (8th Cir. 2011) (when a plaintiff offers only speculation

17

or conclusory allegations about contacts with a forum state, dismissal for lack of personal jurisdiction is appropriate); *Miller v. Nippon Carbon Co.*, 528 F.3d 1087, 1092 (8th Cir. 2008) (a "conclusory allegation is not enough to establish personal jurisdiction," plaintiff must prove "facts supporting personal jurisdiction, not by the pleadings alone, but by the affidavits and exhibits"). This is true even though the plaintiff does not bear the ultimate burden to prove personal jurisdiction by a preponderance of the evidence until trial or when the court holds an evidentiary hearing on the question. *Zeavision, LLC v. Bausch & Lomb*, No. 4:21-cv-1487, 2022 WL 17092453, *3 (E.D. Mo. Nov. 21, 2022) (quoting *Creative Calling Sols., Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 979 (8th Cir. 2015)).

From April 24, 2020 until July 12, 2024, Crye-Leike agents represented 137 parties in residential sales transactions in the Western District of Missouri. The average monthly revenue was $12,214.80 over a 49-month period. An average annual revenue of $146,577.60 falls well short on the single most important factor for establishing jurisdiction under the Clayton Act—the dollar value of business transacted in the District. $146,577.60 of annual revenue does not meet the threshold of "substantial character" from the viewpoint of an average businessman. Decl. Robinson ¶ 10, ECF No. 317-3. Section 12's "substantiality requirement" should have informed the Court's application of the "transacting business" standard. When read properly and in conjunction, those standards provide that personal jurisdiction

18

and venue cannot be premised solely on a corporation's de minimis contacts with a forum.

**D.** **Failure to Specifically Allege that a Corporate Defendant is Found or Transacting Business in the District Fails to Meet the Clayton Act's Venue Requirement.**

While the Eighth Circuit has not decided whether a plaintiff may rely solely on the Clayton Act's national service provision to establish personal jurisdiction, well-reasoned decisions of the District of Columbia, Second, and Seventh Circuit Courts of Appeal require that, for venue to be proper, a corporate defendant must be found or transact business in the district. *See GTE New Media Servs., Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1351 (D.C. Cir. 2000); *Daniel v. Am. Bd. Of Emergency Med.*, 428 F.3d 408, 423–24 (2d Cir. 2005); *KM Enters., Inc., v. Global Traffic Techs., Inc.*, 725 F.3d 718, 730 (7th Cir. 2013). The District of Minnesota reached the same conclusion. *See Willis Elec. Co., Ltd. v. Polygroup Macau Ltd. (BVI)*, 437 F. Supp. 3d 693, 703 (D. Minn. 2020) ("[T]he Clayton Act provides for personal jurisdiction over a corporate defendant so long as venue is established under 15 U.S.C. § 22.").

In construing the statue, the Seventh Circuit found that Section 12 of the Clayton Act comes as a "package deal," and "to avail oneself of the privilege of nationwide service of process, a plaintiff must satisfy the venue provisions of Section 12's first clause." *KM Enterprises*, 725 F.3d at 730. The purpose of the

19

"transacts business" language is to make the "practical, everyday business or commercial concept of doing or carrying on business 'of any substantial character' [ ] the test of venue." *Willis*, 437 F. Supp. 3d at 703 (citing *Campos v. Ticketmaster Corp.*, 140 F.3d 1166, 1173 (8th Cir. 1998)).  Plaintiffs must show "some amount of business continuity" by Crye-Leike "and certainly more than a few isolated and peripheral contacts with [this] judicial district." *Dennis v. JPMorgan Chase & Co.*, 343 F. Supp. 3d 122, 199 (S.D.N.Y. 2018).

Even if the proper reading of Section 12 is disregarded and the general venue statute is used in combination with Section 12's national service-of-process, the Plaintiffs still fail to allege facts establishing venue under 28 U.S.C. § 1391. Plaintiffs generally allege that venue is proper under 28 U.S.C. § 1391(b), (c), and (d).  Consol. Am. Compl. ¶ 27, ECF No.  232.  Plaintiffs, however, do not make any specific allegations regarding venue under the statute with respect to Crye-Leike, Inc.  Subsections (b)(1), (c), and (d) all permit venue in a district where the defendant entity is subject to personal jurisdiction.

As explained above, Crye-Leike is not subject to personal jurisdiction in this district.  The "substantial" requirement of Section 1391(b)(2) is intended to preserve the element of fairness, ensuring that a defendant is not haled into a remote district with no real connection to the dispute. *Pioneer Surgical Tech., Inc. v. Vikingcraft Spine, Inc.*, No. 2:09-CV-271, 2010 WL 2925970, at *3-5 (W.D. Mich. July 21,

2010).  Therefore, courts focus on the relevant activities of the defendant rather than the plaintiff in determining where a substantial part of the underlying events occurred.  *Id.*; *see also Steen v. Murray*, 770 F.3d 698, 703 (8th Cir. 2014) ("[T]he court's focus must be on relevant activities of the defendant in the forum state, not on the effect of those activities on the plaintiff in the forum state.").

Plaintiffs have not alleged, and cannot demonstrate, that Crye-Leike has the necessary contacts with this district to satisfy the venue requirements of the Clayton Act.  Here, the relationship between Crye-Leike, Inc. and Crye-Leike of Arkansas, Inc. is limited to an individual owning stock in both entities.  Plaintiffs cannot allege or otherwise support control of integration between Crye-Leike, Inc. and Crye-Leike Arkansas, Inc., given the attenuated relationship between them.  *See In re Chocolate Confectionary Antitrust Litigation*, 641 F. Supp. 2d 367 (M.D. Pa. 2009) (dismissing two parent corporations for lack of personal jurisdiction); *Lucas v. Gulf & W. Indus.*, 666 F.2d 800, 805–06 (3d Cir. 1981), partially abrogated on other grounds, *EF Operating Corp. v. American Bldgs.*, 993 F.2d 1046, n. 1 (3rd Cir. 1993) (reversing a finding of personal jurisdiction over one group of affiliated entities when plaintiffs failed to establish the amalgamation of that entity with one having contacts).

### E.    The District Court Committed Clear Error in Denying Crye-Leike, Inc.'s Motion to Transfer Venue.

The district court also committed clear error by denying Crye-Leike, Inc.'s request to transfer and failing to provide any analysis supporting its denial.  Crye-

Leike, Inc. has zero contacts with Missouri. Rather, Crye-Leike, Inc. is headquartered in Tennessee, and any documents or witnesses relevant to this lawsuit and the allegations contained in Plaintiffs' Complaint are to be found there. Transfer to the Western District of Tennessee (where Crye-Leike is located) is therefore necessary and in the interest of justice. Furthermore, Plaintiffs seek to represent a nationwide class, and their preference of venue should be given little weight. *Apple*, 602 F.3d at 913; *see also* Wright & Miller, *Standard in Considering Transfer-Plaintiff's Privilege of Choosing Forum*, 15 Fed. Prac. & Proc. Juris. § 3848 (4th ed.). Here, transfer would not inconvenience Plaintiffs, and judicial efficiency does not weigh in favor of keeping Crye-Leike, Inc. in this forum.

**III. WHEN A CLEARLY ERRONEOUS RULING FORCES A DEFENDANT TO ENGAGE IN LENGTHY, COMPLEX AND EXPENSIVE LITIGATION IN A FORUM WHERE IT HAS NO CONTACTS AND THE DEFENDANT RAISED THE ISSUE TO THE DISTRICT COURT, SOUGHT RECONSIDERATION, REQUESTED CERTIFICATION OF AN INTERLOCUTORY APPEAL, MANDAMUS IS THE ONLY REMAINING MEANS OF OBTAINING APPROPRIATE RELIEF.**

Crye-Leike, Inc. can only obtain the relief it seeks through a writ of mandamus. The district court's manifest errors in its order pose dire ramifications for the administration of justice in this Circuit, and mandamus offers the only realistic opportunity for correcting that order. The district court based its ruling on a misunderstanding of the facts and refused to consider Crye-Leike, Inc.'s specific

arguments to correct this misunderstanding. Further, mandamus has been used as the appropriate vehicle for reviewing incorrect transfer decisions.

A. **When a Baseless Determination of Jurisdiction Subjects a Defendant to Serious, Expensive and Lengthy Litigation in a Foreign Forum, the Defendant Lacks Adequate Means to Obtain Review of the Issue if It can Only Appeal After a Final Judgment.**

Courts have granted writs of mandamus to reverse jurisdictional decisions where the "assumption ... of jurisdiction [is] so plainly wrong as to indicate failure to comprehend or refusal to be guided by unambiguous provisions of a statute or settled common law doctrine." *See Collinson*, 499 F.2d at 94. Relatedly, courts have granted mandamus to review decisions that could otherwise be reviewed after final judgment "where continued litigation would have significant unwarranted consequences." *In re Kemp*, 894 F.3d at 905. Mandamus has been found necessary where "it [was] beyond dispute" that the district court "sought to exercise jurisdiction which it does not possess." *Holub Indus., Inc. v. Wyche*, 290 F.2d 852, 856 (4th Cir. 1961). Furthermore, this Court may grant mandamus to reverse the denial of a motion to dismiss for failure to state a claim, thereby preventing "significant unwarranted consequences." *Kemp*, 894 F.3d at 905.

The district court's order erodes the personal jurisdiction requirements in antitrust lawsuits and subjects Crye-Leike, Inc. to the burden and expense of litigation in a forum where it has no contacts and has not otherwise purposefully availed itself. The denial of a motion to dismiss for lack of personal jurisdiction has

23

drastic implications as it "place[s] intense pressure on … defendants to settle," such that the denial "may never be reviewed." *Abelesz v. OTP Bank*, 692 F.3d 638, 652 (7th Cir. 2012) (awarding mandamus to reverse denial of personal jurisdiction motion).

The district court's decision places Crye-Leike, Inc. directly in the crosshairs of billion-dollar litigation in an improper forum based upon a misapplication of unambiguous law. The district court's decision forces Crye-Leike, Inc. into settlement discussions to preserve its existence, as *Abelesz* contemplates. Thus, should this Court deny mandamus review, the district court's decision is unlikely to reach review after trial. Similarly, "[A] writ of mandamus is available with respect to a refusal to transfer venue because "[t]he usual post-judgment appeal process is not an adequate remedy for an improper failure to transfer." *Apple*, 602 F.3d at 912 (collecting cases). *Abelesz* and *Apple* support the conclusion that mandamus is proper here and that this case should be transferred to the Western District of Tennessee.

**B.** **Mandamus is Appropriate When a Baseless Determination of Personal Jurisdiction Creates an Untenable Circumstance for a Defendant.**

The district court's application of Section 12 of the Clayton Act poses unexpected consequences in this circuit and nationwide in the field of antitrust law. Mandamus is necessary here to provide guidance on the correct application of

24

Section 12, which requires a plaintiff to satisfy its venue provision to rely on its nationwide service of process provision. *See In re Bieter Co.*, 16 F.3d 929, 932 & n.3 (8th Cir. 1994) (granting mandamus where "the lower courts would benefit from a discussion of" the "issue of law" which was one "of first impression" and noting" 'the instructional goals of mandamus'").

Because mandamus would support the proper application and analysis of established jurisdictional principles and promote the proper functioning of the judicial system, it is warranted here.

## <u>CONCLUSION</u>

For the foregoing reasons, this Court should grant this petition and require the district court to dismiss Crye-Leike, Inc. for lack of personal jurisdiction or transfer the claims against it to the Western District of Tennessee.

Respectfully submitted,

/s/ Marcus Angelo Manos
**Marcus Angelo Manos, DSC Bar No. 4828**
mmanos@maynardnexsen.com
**MAYNARD NEXSEN PC**
1230 Main Street, Suite 700 (29201)
Post Office Box 2426
Columbia, South Carolina 29202
Telephone: (803) 253-8275

**Carl S. Burkhalter, AL Bar No. BUR086**
cburkhalter@maynardnexsen.com
**MAYNARD NEXSEN PC**
1901 Sixth Avenue N, Suite 1700
Birmingham, AL 35203
Telephone: (205) 254-1081
Facsimile: (205) 254-1991

**Alexandra Harrington Austin, DSC Bar No. 12496**
aaustin@maynardnexsen.com
**MAYNARD NEXSEN PC**
205 King Street, Suite 400
Charleston, SC 29401
Telephone: (843) 579-7827
Facsimile: (843) 414-8227

**Joseph C Blanton, Jr., MO Bar No. 32769MO**
jblanton@blantonlaw.com
**Thomas W. Collins, III, MO Bar No. 46295MO**
tcollins@blantonlaw.com
**Diedre A Peters, MO Bar No. 68319MO**
dpeters@blantonlaw.com
**Mark D. Blanton, MO Bar No. 71791MO**
mblanton@blantonlaw.com
**Shaun D. Hanschen, MO Bar No. 56821MO**
shanschen@blantonlaw.com
**Blanton, Nickell, Collins, Douglas, Hanschen & Peters, LLC**
219 South Kingshighway
P.O. Box 805
Sikeston, MO 63801
Telephone: (573) 471-1000
Fax: (573) 471-1012

***Attorneys for Defendant Crye-Leike, Inc.***

Date:  April 17, 2025

26

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that this Petition for Writ of Mandamus complies with the type-volume limitations of Federal Rule of Appellate Procedure 21(d) because, excluding the parts of the document exempted by Federal Rules of Appellate Procedure 32(f), this document contains 5,478 words.

The undersigned also certifies this document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6), because this document has been prepared in 14-point Times New Roman font and in accordance with the word-count feature using Microsoft Word for Microsoft 365 word-processing system.

The undersigned further represents that the petition has been scanned for viruses and is virus-free.

/s/ Marcus Angelo Manos
**Marcus Angelo Manos**
*Attorney for Defendant Crye-Leike, Inc.*

27

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 17, 2025, an electronic copy of the Petition for a Writ of Mandamus was filed with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the Court's CM/ECF system. The undersigned also certifies that copies of the Petition were served on the below-listed counsel by USPS Priority Mail or via electronic mail if such service was consented to.

### VIA ELECTRONIC MAIL BY CONSENT

| Attorney/Firm | Counsel for Party |
|---|---|
| David M. Schultz<br>Hinshaw & Culbertson-Chicago<br>151 N. Franklin Street<br>Suite 2500<br>Chicago, IL 60606<br>312-704-3000<br>dschultz@hinshawlaw.com | EXIT Realty Corp. International<br>EXIT Realty Corp. USA |
| James M Brodzik<br>Hinshaw & Culbertson LLP<br>701 Market St.<br>Suite 260<br>Saint Louis, MO 63101<br>618-310-2325<br>jbrodzik@hinshawlaw.com | EXIT Realty Corp. International<br>EXIT Realty Corp. USA |

28

| Attorney/Firm | Counsel for Party |
|---|---|
| Michael F Iasparro<br>Hinshaw & Culbertson LLP<br>100 Park Avenue<br>Rockford, IL 61101<br>815-490-4945<br>815-490-4901 (fax)<br>miasparro@hinshawlaw.com | EXIT Realty Corp. International<br>EXIT Realty Corp. USA |
| Francis X Riley, III<br>Saul Ewing LLP<br>Litigation Department<br>650 College Road East<br>Suite 400<br>Princeton, NJ 08540<br>609-452-3150<br>Francis.Riley@saul.com | eXp World Holdings, Inc.<br>eXp Realty, LLC |
| James Andrew Morsch<br>Saul Ewing Arnstein & Lehr LLP<br>161 North Clark<br>Ste 4200<br>Chicago, IL 60601<br>312-876-7866<br>jim.morsch@saul.com | eXp World Holdings, Inc.<br>eXp Realty, LLC |
| Mark B. Schaffer<br>Schaffer & Associates, Chartered<br>10561 Barkley St.<br>Ste. 620<br>Overland Park, KS 66212<br>913-345-0100<br>913-345-1802 (fax)<br>mschaffer@schafflaw.com | eXp World Holdings, Inc.<br>eXp Realty, LLC |

Appellate Case: 25-1759    Page: 36    Date Filed: 04/17/2025 Entry ID: 5507828

| Attorney/Firm | Counsel for Party |
|---|---|
| David H Bamberger<br>DLA Piper LLP<br>500 Eighth Street, NW<br>Washington, DC 20004<br>202-799-4500<br>202-799-5500 (fax)<br>david.bamberger@us.dlapiper.com | NextHome, Inc. |
| Julie G Cooker<br>DLA Piper LLP<br>4365 Executive Drive<br>Suite 1100<br>San Diego, CA 92121<br>858-677-1400<br>619-699-2701 (fax)<br>julie.cooker@us.dlapiper.com | NextHome, Inc. |
| Michael T. Crabb<br>Daniel Meany<br>Stephen J. Torline<br>Kuckelman Torline Kirkland<br>10740 Nall Avenue<br>Suite 250<br>Overland Park, KS 66211<br>(913) 951-5651<br>(913) 948-8611 (fax)<br>mcrabb@ktk-law.com<br>dmeany@ktk-law.com<br>storline@ktk-law.com | NextHome, Inc. |
| Alexander Aiken<br>Susman Godfrey LLP<br>401 Union Street<br>Suite 3000<br>Seattle, WA 98101<br>206-516-3880<br>aaiken@susmangodfrey.com | Plaintiffs |

| Attorney/Firm | Counsel for Party |
|---|---|
| Beatrice Franklin<br>Susman Godfrey LLP<br>One Manhattan West<br>Ste 50th Fl.<br>New York, NY 10001<br>212-336-8330<br>212-336-8340 (fax)<br>bfranklin@susmangodfrey.com | Plaintiffs |
| Benjamin D Brown<br>Cohen Milstein Sellers & Toll<br>1100 New York Ave NW<br>Eighth Floor<br>Washington, DC 20005<br>(202) 408-4600<br>bbrown@cohenmilstein.com | Plaintiffs |
| Brandon J.B. Boulware<br>Boulware Law LLC<br>1600 Genessee Street<br>Suite 956a<br>Kansas City, MO 64102<br>816-492-2826<br>brandon@boulware-law.com | Plaintiffs |
| Daniel H Silverman<br>Cohen Milstein Sellers & Toll, PLLC<br>769 Centre Street<br>Suite 207<br>Boston, MA 02130<br>202-408-4628<br>dsilverman@cohenmilstein.com | Plaintiffs |

| Attorney/Firm | Counsel for Party |
|---|---|
| Eric L. Dirks<br>Williams Dirks Dameron LLC<br>1100 Main Street<br>Suite 2600<br>Kansas City, MO 64105<br>(816) 945-7110<br>dirks@williamsdirks.com | Plaintiffs |
| Floyd Short<br>Susman Godfrey L.L.P.<br>401 Union Street<br>Ste 3000<br>Seattle, WA 98101-3000<br>206-516-3880<br>fshort@susmangodfrey.com | Plaintiffs |
| Jeannie Evans<br>Hagens Berman Sobol Shapiro LLP<br>445 North Cityfront Plaza Dr.<br>Suite 2410<br>Chicago, IL 60611<br>708-628-4949<br>jeannie@hbsslaw.com | Plaintiffs |
| Jeremy M. Suhr<br>Boulware Law LLC<br>1600 Genessee<br>Suite 956a<br>Kansas City, MO 64102<br>816-492-2826<br>jeremy@boulware-law.com | Plaintiffs |
| Marc M. Seltzer<br>Susman Godrey<br>1900 Avenue of the Stars<br>Suite 1400<br>Los Angeles, CA 90067<br>(310) 789-3100<br>mseltzer@susmangodfrey.com | Plaintiffs |

Appellate Case: 25-1759    Page: 39    Date Filed: 04/17/2025 Entry ID: 5507828

| Attorney/Firm | Counsel for Party |
|---|---|
| Matthew Robert Berry<br>Susman Godfrey LLP<br>401 Union Street<br>Suite 3000<br>Seattle, WA 98101<br>206-373-7394<br>mberry@susmangodfrey.com | Plaintiffs |
| Michael Anthony Williams<br>Williams Dirks Dameron LLC<br>1100 Main Street<br>Suite 2600<br>Kansas City, MO 64105<br>(816) 945-7110<br>(816) 945-7118 (fax)<br>mwilliams@williamsdirks.com | Plaintiffs |
| Michael S. Ketchmark<br>Ketchmark & McCreight PC<br>Two Hallbrook Place<br>11161 Overbrook Road<br>Suite 210<br>Leawood, KS 66211<br>mike@ketchmclaw.com | Plaintiffs |
| Nathan Emmons<br>Hagens Berman Sobol Shapiro LLP<br>455 N. Cityfront Plaza Drive<br>Suite 2410<br>Chicago, IL 60611<br>708-628-4949<br>708-628-4950 (fax)<br>nathane@hbsslaw.com | Plaintiffs |

33

| Attorney/Firm | Counsel for Party |
|---|---|
| Rio Pierce<br>Hagens Berman Sobol Shapiro LLP<br>715 Hearst Avenue<br>Suite 300<br>Berkeley, CA 94710<br>510-725-3042<br>riop@hbsslaw.com | Plaintiffs |
| Robert A Braun<br>Cohen Milstein Sellers & Toll<br>1100 New York Ave NW<br>Eighth Floor<br>Washington, DC 20005<br>202-408-3697<br>rbraun@cohenmilstein.com | Plaintiffs |
| Sabrina Merold<br>Cohen Milstein Sellers & Toll<br>1100 New York Ave. NW<br>Eighth Floor<br>Washington, DC 20005<br>973-820-6303<br>smerold@cohenmilstein.com | Plaintiffs |
| Scott A McCreight<br>Ketchmark & McCreight PC<br>Two Hallbrook Place<br>11161 Overbrook Road<br>Suite 210<br>Leawood, KS 66211<br>(913) 266-4500<br>(913) 317-5030 (fax)<br>smccreight@ketchmclaw.com | Plaintiffs |

Appellate Case: 25-1759    Page: 41    Date Filed: 04/17/2025 Entry ID: 5507828

| Attorney/Firm | Counsel for Party |
|---|---|
| Steve W. Berman<br>Hagens and Berman<br>1301 Second Ave<br>Suite 2000<br>Seattle, WA 98101<br>(206) 623-7292<br>(206) 623-0594 (fax)<br>steve@hbsslaw.com | Plaintiffs |
| Craig P Bloom<br>David Marroso<br>O'Melveny & Meyers LL<br>1999 Avenue of the Stars 8th Floor<br>Los Angeles, CA 90067<br>310-246-6877<br>cbloom@omm.com<br>dmarroso@omm.com | Real Broker, LLC<br>The Real Brokerage, Inc. |
| Jennifer B. Wieland<br>Berkowitz Oliver LLP-KCMO<br>2600 Grand Boulevard<br>Suite 1200<br>Kansas City, MO 64108<br>(816) 627-0266<br>(816) 561-1888 (fax)<br>jwieland@berkowitzoliver.com | Real Broker, LLC<br>The Real Brokerage, Inc. |
| Cody D Rockey<br>2723 South State Street<br>Suite 400<br>Ann Arbor, MI 48104<br>(734) 214-7655<br>crockey@dykema.com | Real Estate One, Inc.<br>The Real Brokerage, Inc. |

Appellate Case: 25-1759    Page: 42    Date Filed: 04/17/2025 Entry ID: 5507828

| Attorney/Firm | Counsel for Party |
|---|---|
| Howard B Iwrey<br>Dykema Gossett PLLC<br>39577 Woodward Ave.<br>Suite 300<br>Bloomfield Hills, MI 48304<br>248-203-0526<br>855-232-1791 (fax)<br>hiwrey@dykema.com | Real Estate One, Inc.<br>The Real Brokerage, Inc. |
| Thomas Butler Alleman<br>Dykema Gossett PLLC<br>1717 Main<br>Ste 4200<br>Dallas, TX 75201<br>214-698-7830<br>855-216-6218 (fax)<br>talleman@dykema.com | Real Estate One, Inc.<br>The Real Brokerage, Inc. |
| Leo Caseria<br>Sheppard Mullin Richter & Hampton LLP<br>350 South Grand Avenue<br>Ste 40th Floor<br>Los Angeles, CA 90071-3460<br>213-617-4206<br>lcaseria@sheppardmullin.com | Realty ONE Group, Inc. |
| Helen Cho Eckert<br>Sheppard, Mullin, Richter & Hampton LLP<br>4 Embarcadero Ctr.<br>San Francisco, CA 94111<br>415-434-9100<br>415-434-3947 (fax)<br>heckert@sheppardmullin.com | Realty ONE Group, Inc. |

Appellate Case: 25-1759    Page: 43    Date Filed: 04/17/2025 Entry ID: 5507828

| Attorney/Firm | Counsel for Party |
| --- | --- |
| Matthew William Geary<br>Michael Judy<br>Amanda Pennington Ketchum<br>Dysart Taylor McMonigle Brumitt &<br>Wilcox, P.C.<br>700 W. 47th Street<br>Suite 410<br>Kansas City, MO 64112<br>816-931-2700<br>816-931-7377 (fax)<br>mgeary@dysarttaylor.com<br>mjudy@dysarttaylor.com<br>aketchum@dysarttaylor.com | Realty ONE Group, Inc. |
| Ann O'Brien<br>Sheppard, Mullin, Richter & Hampton<br>LLP<br>2099 Pennsylvania Avenue, NW, St. 100<br>Suite 100<br>Washington, DC 20006<br>202-747-1900<br>aobrien@sheppardmullin.com | Realty ONE Group, Inc. |

## VIA PRIORITY US MAIL

| Attorney/Firm | Counsel for Party |
| --- | --- |
| The Honorable Stephen R. Bough<br>Charles Evans Whittaker U.S.<br>Courthouse<br>400 E. 9th Street<br>Room No. 7462<br>Kansas City, MO 64106<br>816-512-5370 | |

37

| Attorney/Firm | Counsel for Party |
|---|---|
| Molly K McGinley<br>Robert J Palmersheim<br>Honigman LLP<br>321 N. Clark Street<br>Suite 500<br>Chicago, IL 60654<br>312-429-6032<br>Rpalmersheim@honigman.com<br>MMcGinley@honigman.com | At World Properties, LLC |
| Timothy G Parilla<br>155 N. Wacker Drive<br>Suite 3100<br>Chicago, IL 60606<br>(312) 429-6026<br>tparilla@honigman.com | At World Properties, LLC |
| Elizabeth A. Vasseur-Browne<br>Cooling & Herbers, PC<br>2400 City Center Square<br>1100 Main Street<br>Kansas City, MO 64105<br>(816) 474-0777<br>(816) 472-0790 (fax)<br>lbrowne@coolinglaw.com | At World Properties, LLC |
| Arsenio Lenell Mims<br>Dowd Bennett LLP<br>7676 Forsyth Blvd.<br>Ste. 1900<br>Clayton, MO 63105<br>314-889-7300<br>314-863-2111 (fax)<br>amims@dowdbennett.com | Baird & Warner Real Estate, Inc. |

Appellate Case: 25-1759   Page: 45   Date Filed: 04/17/2025 Entry ID: 5507828

| Attorney/Firm | Counsel for Party |
|---|---|
| M. Patrick Yingling<br>Reed Smith<br>10 S. Wacker Dr., 40th Fl.<br>Chicago, IL 60606<br>312-207-2834<br>mpyingling@reedsmith.com | Baird & Warner Real Estate, Inc. |
| Michelle Ann Mantine<br>Reed Smith LLP - Pittsburgh<br>Reed Smith Centre<br>225 Fifth Ave.<br>Ste. 1200<br>Pittsburgh, PA 15222<br>412-288-4268<br>412-288-3063 (fax)<br>mmantine@reedsmith.com | Baird & Warner Real Estate, Inc. |
| Andrew G. Gordon<br>Paul, Weiss, Rifkind, Wharton &<br>Garrison - NY<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br>212-373-3000<br>agordon@paulweiss.com | Berkshire Hathaway Energy Company |
| Anna Rebecca Gressel<br>Paul, Weiss, Rifkind, Wharton &<br>Garrison - NY<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br>212-373-3000<br>agressel@paulweiss.com<br>agressel@paulweiss.com | Berkshire Hathaway Energy Company |

Appellate Case: 25-1759    Page: 46    Date Filed: 04/17/2025 Entry ID: 5507828

| Attorney/Firm | Counsel for Party |
|---|---|
| Jeffrey J. Simon<br>Husch Blackwell LLP - KCMO<br>4801 Main Street<br>Suite 1000<br>Kansas City, MO 64112-2551<br>816-329-4711<br>816-983-8080 (fax)<br>jeff.simon@huschblackwell.com | Berkshire Hathaway Energy Company |
| Katherine Forrest<br>Paul, Weiss, Rifkind, Wharton &<br>Garrison - NY<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br>212-373-3000<br>kforrest@paulweiss.com<br>kforrest@paulweiss.com | Berkshire Hathaway Energy Company |
| Taylor Concannon Hausmann<br>Husch Blackwell LLP - KCMO<br>4801 Main Street<br>Suite 1000<br>Kansas City, MO 64112-2551<br>816-983-8000<br>816-983-8080 (fax)<br>taylor.hausmann@huschblackwell.com | Berkshire Hathaway Energy Company |
| Yotam Barkai<br>Paul, Weiss, Rifkind, Wharton &<br>Garrison LLP<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br>212-763-0883<br>ybarkai@paulweiss.com | Berkshire Hathaway Energy Company |

40

| Attorney/Firm | Counsel for Party |
|---|---|
| Matthew T Ciulla<br>Robert D. McGill<br>MacGill PC<br>156 E. Market St.<br>Suite 1200<br>Indianapolis, IN 46204<br>317-961-5086<br>matthew.ciulla@macgilllaw.com<br>robert.macgill@macgilllaw.com | BHH Affiliates, LLC<br>HSF Affiliates, LLC<br>HomeServices of America, Inc.<br>The Long & Foster Companies, Inc. |
| Brian C Fries<br>Lathrop GPM LLP<br>2345 Grand Avenue<br>Suite 2200<br>Kansas City, MO 64108-2618<br>816-292-2000<br>816-292-2001 (fax)<br>brian.fries@lathropgpm.com | BHH Affiliates, LLC<br>HSF Affiliates, LLC<br>HomeServices of America, Inc.<br>The Long & Foster Companies, Inc. |
| Ian T Hampton<br>Foley & Lardner LLP<br>777 E. Wisconsin Ave<br>Milwaukee, WI 53202<br>(414) 297-4912<br>ihampton@foley.com | BHH Affiliates, LLC<br>HSF Affiliates, LLC<br>HomeServices of America, Inc.<br>The Long & Foster Companies, Inc. |
| Jennifer M. Keas<br>Foley & Lardner LLP<br>3000 K Street NW<br>Suite 600<br>Washington, DC 20007<br>202-672-5436<br>202-672-5399 (fax)<br>jkeas@foley.com | BHH Affiliates, LLC<br>HSF Affiliates, LLC<br>HomeServices of America, Inc.<br>The Long & Foster Companies, Inc. |

| Attorney/Firm | Counsel for Party |
|---|---|
| Eric Fanchiang<br>Daniel Sasse<br>Chahira Solh<br>3 Park Plaza<br>20th Floor<br>Irvine, CA 92614<br>949-263-8400<br>efanchiang@crowell.com<br>dsasse@crowell.com<br>csolh@crowell.com | Compass, Inc. |
| Robert J Anello<br>Edward M. Spiro<br>Morvillo Abramowitz Grand Iason &<br>Anello P.C.<br>565 Fifth Avenue<br>New York, NY 10017<br>212-880-9520<br>ranello@maglaw.com<br>espiro@maglaw.com | Douglas Elliman Realty, LLC<br>Douglas Elliman, Inc. |
| Daniel Patrick Johnson<br>Trina R Ricketts<br>Ogletree Deakins<br>700 West 47th Street<br>Suite 500<br>Kansas City, MO 64112<br>816-410-2233<br>816-471-1303 (fax)<br>daniel.johnson@ogletreedeakins.com<br>trina.ricketts@ogletree.com | Douglas Elliman Realty, LLC<br>Douglas Elliman, Inc. |

| Attorney/Firm | Counsel for Party |
|---|---|
| Lauren E. Tucker McCubbin<br>Polsinelli - KCMO<br>900 W. 48th Place<br>Kansas City, MO 64112<br>(816) 753-1000<br>(816) 753-1536 (fax)<br>ltucker@polsinelli.com | Engel & Vlkers GmbH<br>Engel & Volkers Americas, Inc |
| Michael L. Sibarium<br>Pillsbury Winthrop Shaw Pittman LLP<br>1200 17th St. N.W.<br>Washington, DC 20036<br>202-663-9202<br>michael.sibarium@pillsburylaw.com | Engel & Vlkers GmbH<br>Engel & Volkers Americas, Inc |
| Kenneth W. Taber<br>Pillsbury Winthrop Shaw Pittman LLP<br>31 West 52nd Street<br>New York, NY 10019<br>212-858-1813<br>212-858-1500 (fax)<br>kenneth.taber@pillsburylaw.com | Engel & Vlkers GmbH<br>Engel & Volkers Americas, Inc |
| Emilee Hargis<br>Bryan Cave Leighton Paisner, LLP<br>211 North Broadway<br>Suite 3600<br>St. Louis, MO 63102-2750<br>618-973-6283<br>emilee.hargis@bclplaw.com | Five D I, LLC d/b/a United Real Estate |
| James Dale Lawrence<br>Bryan Cave Leighton Paisner LLP<br>3800 One Kansas City Place<br>1200 Main Street<br>Kansas City, MO 64105<br>816-374-3378<br>816-855-3378 (fax)<br>jim.lawrence@bclplaw.com | Five D I, LLC d/b/a United Real Estate |

43

| Attorney/Firm | Counsel for Party |
|---|---|
| Robert T. Adams<br>Hannah Smith<br>Shook, Hardy & Bacon, LLP-KCMO<br>2555 Grand Boulevard<br>Kansas City, MO 64108-2613<br>(816) 474-6550<br>(816)421-5547 (fax)<br>rtadams@shb.com<br>hsmith@shb.com | Hanna Holdings, Inc. |
| Claire Murphy Bergeron<br>Karin Dryhurst<br>Seth P. Waxman<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>2100 Pennsylvania Avenue NW<br>Washington, DC 20037<br>202-663-6414<br>202-663-6363 (fax)<br>claire.bergeron@wilmerhale.com<br>karin.dryhurst@wilmerhale.com<br>seth.waxman@wilmerhale.com | Hanna Holdings, Inc. |
| Emily Barnet<br>David Gringer<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>212-230-8868<br>emily.barnet@wilmerhale.com<br>david.gringer@wilmerhale.com | Hanna Holdings, Inc. |

44

| Attorney/Firm | Counsel for Party |
|---|---|
| Christopher M. Harper<br>John L. Mullen<br>Franke, Schultz & Mullen - KCMO<br>8900 Ward Parkway<br>Kansas City, MO 64114<br>(816) 421-7100<br>816-421-7915 (fax)<br>charper@fsmlawfirm.com<br>jmullen@fsmlawfirm.com | HomeSmart International, LLC<br>The K Company Realty, LLC |
| Scott Eric Anderson<br>Jacob Scott Madsen<br>Cameron N. Regnery<br>Matthew Foree<br>Freeman Mathis & Gary, LLP<br>100 Galleria Pkwy<br>Ste 1600<br>Atlanta, GA 30339<br>770-303-8638<br>scott.anderson@fmglaw.com<br>jacob.madsen@fmglaw.com<br>cameron.regnery@fmglaw.com<br>mforee@fmglaw.com | HomeSmart International, LLC<br>The K Company Realty, LLC |
| Alyssa Chamberlin<br>Timothy J McGinn<br>Becky N Saka<br>Gunster, Yoakley & Stewart, P.A.<br>600 Brickell Ave.<br>Suite 3500<br>Miami, FL 33131<br>305-376-6063<br>achamberlin@gunster.com<br>tmcginn@gunster.com<br>bsaka@gunster.com | Illustrated Properties, LLC<br>The Keys Company |

Appellate Case: 25-1759     Page: 52     Date Filed: 04/17/2025 Entry ID: 5507828

| Attorney/Firm | Counsel for Party |
|---|---|
| Derick C. Albers<br>Lewis Rice LLC-StL<br>600 Washington Ave.<br>Ste. 2500<br>St. Louis, MO 63101<br>314-444-7649<br>314-612-7649 (fax)<br>dalbers@lewisrice.com | Illustrated Properties, LLC<br>The Keyes Company |
| Joby Celoza<br>Davis Wright Tremaine LLP<br>920 Fifth Avenue<br>Suite 3300<br>Seattle, WA 98104<br>206-757-8027<br>jobyceloza@dwt.com | John L. Scott Real Estate Affiliates, Inc.<br>John L. Scott, Inc. |
| Jonathan Thomas Barton<br>Stanton Barton LLC<br>8000 Maryland Avenue<br>Suite 450<br>St. Louis, MO 63105<br>314-455-6502<br>jbarton@stantonbarton.com | John L. Scott Real Estate Affiliates, Inc.<br>John L. Scott, Inc. |
| Yoni M Rosenzweig<br>Davis Wright Tremaine LLP<br>350 South Grand Avenue<br>Ste 2700<br>Los Angeles, CA 90071<br>213-633-6800<br>213-633-6899 (fax)<br>yonirosenzweig@dwt.com | John L. Scott Real Estate Affiliates, Inc.<br>John L. Scott, Inc. |

| Attorney/Firm | Counsel for Party |
|---|---|
| Alexander Barrett<br>Charles W. Hatfield<br>Stinson LLP - JC<br>230 W. McCarty Street<br>Jefferson City, MO 65101<br>573-556-3601<br>573-556-3637 (fax)<br>alexander.barrett@stinson.com<br>chuck.hatfield@stinson.com | National Association of Realtors |
| Ethan Glass<br>Georgina Inglis<br>Cooley LLP<br>1299 Pennsylvania Ave NW<br>Suite 700<br>Washington, DC 20004<br>202-776-2244<br>eglass@cooley.com<br>ginglis@cooley.com | National Association of Realtors |
| Samantha Strauss<br>Cooley LLP<br>110 N. Wacker Dr.<br>Ste 4200<br>Chicago, IL 60606<br>312-881-6500<br>sastrauss@cooley.com | National Association of Realtors |
| Sarah M. Topol<br>55 Hudson Yards<br>New York, NY 10001<br>212-479-6000<br>stopol@cooley.com | National Association of Realtors |
| Beatriz Mejia<br>3 Embarcadero Center, 20th Floor<br>San Francisco, CA 94111<br>415-693-2000<br>MEJIAB@cooley.com | National Association of Realtors |

Appellate Case: 25-1759    Page: 54    Date Filed: 04/17/2025 Entry ID: 5507828

| Attorney/Firm | Counsel for Party |
|---|---|
| MaryAnn T. Almeida<br>Robert J Maguire<br>Emily Parsons<br>Davis Wright Tremaine LLP<br>920 Fifth Avenue<br>Suite 3300<br>Seattle, WA 98104-1610<br>206-757-8187<br>206-757-7700 (fax)<br>maryannalmeida@dwt.com<br>robmaguire@dwt.com<br>emilyparsons@dwt.com | Redfin Corporation |
| Brian J. Madden<br>Wagstaff & Cartmell<br>4740 Grand Avenue<br>Suite 300<br>Kansas City, MO 64112<br>(816) 701-1100<br>(816) 531-2372 (fax)<br>bmadden@wcllp.com | Redfin Corporation |
| Gerald A. Stein<br>Davis Wright Tremaine LLP<br>1251 Avenue of the Americas<br>21st Floor<br>10020<br>New York, NY 10020<br>212-402-4095<br>geraldstein@dwt.com | Redfin Corporation |
| Jonathan Vine<br>Cole, Scott & Kissane<br>222 Lakeview Ave.<br>Ste. 120<br>West Palm Beach, FL 33401<br>(561) 383-9200<br>jonathan.vine@csklegal.com | The K Company Realty, LLC |

48

| Attorney/Firm | Counsel for Party |
|---|---|
| Joshua Molina<br>Cole, Scott & Kissane<br>9150 S. Dadeland Blvd.<br>Miami, FL 33156<br>(561) 383-9200<br>joshua.molina@csklegal.com | The K Company Realty, LLC |
| Timothy R. Beyer<br>1700 Lincoln Street<br>Suite 4100<br>Denver, CO 80203<br>303-861-7000<br>tim.beyer@bclplaw.com | United Real Estate |
| Lindsay Sklar Johnson<br>1201 W. Peachtree St<br>14th Floor<br>Atlanta, GA 30309<br>404-572-6732<br>lindsay.johnson@bclplaw.com | United Real Estate |
| Adam Hudes<br>Vinson & Elkins LLP<br>2200 Pennsylvania Ave. NW<br>Suite 500 West<br>Washington, DC 20037<br>202-639-6632<br>202-879-8822 (fax)<br>ahudes@velaw.com | Weichert Co. |
| Dylan Ballard<br>Michael Scarborough<br>Vinson & Elkins<br>555 Mission Street<br>Suite 2000<br>San Francisco, CA 94105<br>415-979-6955<br>dballard@velaw.com<br>mscarborough@velaw.com | Weichert Co.<br>Weichert Real Estate Affiliates, Inc. |

Appellate Case: 25-1759   Page: 56   Date Filed: 04/17/2025 Entry ID: 5507828

| Attorney/Firm | Counsel for Party |
|---|---|
| Stephen M. Medlock<br>Vinson & Elkins LLP<br>2200 Pennsylvania Ave. NW<br>Suite 500 West<br>Washington, DC 20037<br>202-639-6578<br>smedlock@velaw.com | Weichert Co. |
| William D. Beil<br>GM Law PC - KC<br>1201 Walnut St.<br>20th Floor<br>Kansas City, MO 64106<br>816-471-7700<br>816-471-2221 (fax)<br>billb@gmlawpc.com | Weichert Co. |
| Edward C Duckers<br>Stoel Rives LLP - CA<br>1 Montgomery Street<br>Suite 3230<br>San Francisco, CA 94104<br>415-617-8900<br>415-617-8907 (fax)<br>ed.duckers@stoel.com | William L Lyon & Associates, Inc.<br>Windermere Real Estate Services<br>Company, Inc. |
| Shazzie Naseem<br>Berkowitz Oliver LLP-KCMO<br>2600 Grand Boulevard<br>Suite 1200<br>Kansas City, MO 64108<br>(816) 627-0264<br>snaseem@berkowitzoliver.com | William L Lyon & Associates, Inc.<br>Windermere Real Estate Services<br>Company, Inc. |

| Attorney/Firm | Counsel for Party |
|---|---|
| Benjamin Diessel<br>Wiggin and Dana LLP<br>265 Church Street<br>New Haven, CT 06510<br>203-498-4400<br>bdiessel@wiggin.com | William Raveis Real Estate, Inc. |
| Christopher Kaufman<br>Shook, Hardy & Bacon, LLP-KCMO<br>2555 Grand Boulevard<br>Kansas City, MO 64108-2613<br>(816) 474-6550<br>(816) 421-5547 (fax)<br>ckaufman@shb.com | William Raveis Real Estate, Inc. |
| John Doroghazi<br>Wiggin and Dana LLP<br>One Century Tower<br>265 Church St<br>New Haven, CT 06510<br>203-498-4400<br>jdoroghazi@wiggin.com | William Raveis Real Estate, Inc. |

/s/ Marcus Angelo Manos
**Marcus Angelo Manos**
MAYNARD NEXSEN PC
1230 Main Street, Suite 700
Columbia, SC 29201
MManos@maynardnexsen.com

*Counsel for Petitioner*

51

# ADDENDUM

# TABLE OF CONTENTS

**ORDERS**

Order Denying Motions to Dismiss (Dec. 16, 2024),
ECF No. 590 .................................................................................. 1

Docket Entry - Order Denying Motion for Reconsideration (Jan. 23, 2025), ECF No. 648 ...................................................................... 20

Docket Entry - Order Denying Motion to Certify (Feb. 24, 2025), ECF No. 683 .................................................................................. 21

Appellate Case: 25-1759    Page: 60    Date Filed: 04/17/2025 Entry ID: 5507828

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

DON GIBSON, LAUREN CRISS,      )
JOHN MEINERS, and DANIEL       )
UMPA, individually and         )
on behalf of all others similarly situated,  )
                               )    Case No. 4:23-cv-00788-SRB
                   Plaintiffs,  )
                               )
        v.                     )
                               )
THE NATIONAL ASSOCIATION OF    )
REALTORS, et al.,              )
                               )
                   Defendants.  )

## **ORDER**

Before the Court is Defendant William Raveis Real Estate Inc.'s Motion to Dismiss

(Doc. #305); Defendant Hanna Holdings Inc.'s Motion to Dismiss for Lack of Personal

Jurisdiction or, in the Alternative, to Transfer to the Western District of Pennsylvania (Doc.

#308); Defendant Crye-Leike Inc.'s 12(b)(2) and 12(b)(3) Motion to Dismiss for Lack of

Personal Jurisdiction and Improper Venue (Doc. #315); Berkshire Hathaway Energy Company's

Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Doc. #333);

Defendants Hanna Holdings, Inc., eXp World Holdings, Inc., eXp Realty, LLC, Weichert Real

Estate Affiliates, Inc., Weichert Co., Berkshire Hathaway Energy Company, William Raveis

Real Estate, Inc., Real Estate One, Inc., Inc., Crye-Leike Real Estate Services, and Illustrated

Properties LLC's Motion to Dismiss Plaintiffs' Consolidated Amended Class Action Complaint

(Doc. #339); Defendants eXp World Holdings, Inc. and eXp Realty LLC's Rule 12(b) Motion to

Dismiss (Doc. #341); Defendant Windermere Real Estate Services Company Inc.'s Motion to

Dismiss for Lack of Personal Jurisdiction and Improper Venue (Doc. #353); and Defendant

William L. Lyon & Associates, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Doc. #356). For the following reasons, Defendants' motions are DENIED.

## I. LEGAL STANDARD

### A. Personal Jurisdiction

When a defendant seeks dismissal for lack of personal jurisdiction under Rule 12(b)(2), "the plaintiff bears the burden to show that jurisdiction exists." *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014) (citing *K–V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d at 591–92 (8th Cir. 2011)). The plaintiff's prima facie showing of personal jurisdiction "must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072–73 (8th Cir. 2004) (internal quotation marks omitted) (quoting *Block Indus. v. DHJ Indus., Inc.*, 495 F.2d 256, 259 (8th Cir. 1974)).

Plaintiffs filed suit in federal court under Section 1 of the Sherman Act, 15 U.S.C. § 1. The Sherman Act permits nationwide service of process for corporate defendants. *See* 15 U.S.C. § 12. "When a federal court is attempting to exercise personal jurisdiction over a defendant in a suit based upon a federal statute providing for nationwide service of process, the relevant inquiry is whether the defendant has had minimum contacts with the United States." *Aviva Life & Annuity Co. v. Davis*, 20 F. Supp. 3d 694, 703 (S.D. Iowa 2014); *In re Fed. Fountain, Inc.*, 165 F.3d 600, 601 (8th Cir. 1999) (en banc).

### B. Failure to State a Claim

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678) (internal quotations omitted).

The Court must consider all facts alleged in the complaint as true when considering a motion to dismiss. *See Data Mfg., Inc. v. United Parcel Service, Inc.*, 557 F.3d 849, 851 (8th Cir. 2009) (noting "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable"). However, allegations that are "legal conclusions or [a] formulaic recitation of the elements of a cause of action . . . may properly be set aside." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 677) (internal citations omitted). Ultimately, dismissal under Rule 12(b)(6) should be granted "only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004) (internal quotations and citations omitted); *see also Double D Spotting Serv., Inc. v. Supervalu, Inc.*, 136 F.3d 554, 560 (8th Cir. 1998) ("We note that courts are hesitant to dismiss antitrust actions before the parties have had an opportunity for discovery, because proof of illegal conduct lies largely in the hands of the alleged antitrust conspirators.").

## II. BACKGROUND

The facts of this case are discussed in prior Orders and in the parties' briefs and will not be repeated herein. This Order assumes familiarity with the facts and law applicable to the

claims and defenses asserted in this case. Only those facts and issues necessary to resolve the pending motion are discussed below.

Plaintiffs are home sellers who listed homes on Multiple Listing Services ("MLS") in the United States and allege that several national real estate brokerages, brokerage owners, and franchisors entered into a conspiracy to implement, follow, and enforce anticompetitive restraints that caused home sellers to pay inflated commissions on the sale of their homes through a series of parallel and overlapping rules, specifically the NAR MLS Rules, the Non-NAR MLS Rules, and the NAR Code of Ethics Rules (the "Challenged Rules").[1]

Plaintiffs Don Gibson, Lauren Criss, John Meiners, and Daniel Umpa ("Plaintiffs") most recently filed a FAC on June 11, 2024. (Doc. #232). Plaintiff's FAC alleges one count against Defendants: violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

## III. DISCUSSION

---

[1] Plaintiffs' first-amended class-action complaint ("FAC") alleges the following facts, which the Courts accepts as true for purposes of Defendants' motion to dismiss and views in a light most favorable to Plaintiff. *See Data Mfg., Inc.*, 557 F.3d at 851.

### A.  Venue and Personal Jurisdiction

Defendants collectively argue that venue in improper and this Court lacks personal jurisdiction over Defendants under both Section 12 of the Clayton Act, 15 U.S.C. § 22, and the Missouri long-arm statute, Mo. Rev. Stat. § 506.500.1. (Doc. #305, p. 11, Doc. #309, p. 1, Doc. #312, p. 2, Doc. #313, p.1, Doc. #315, p. 2, Doc. #333, p. 2, Doc. #353, p. 1, Doc. #356, p. 1.)

Plaintiffs counter that "the Clayton Act provides personal jurisdiction over each Defendant, and venue in the District is proper under [28 U.S.C.] § 1391 and/or the Clayton Act." (Doc. #443, p. 10.)

Section 12 of the Clayton Act provides special venue and service of process rules for private antitrust actions brought against corporate defendants.  Section 12 provides:

> Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found.

15 U.S.C. § 22.

"[A] corporation is engaged in transacting business in a district . . . if in fact, in the ordinary and usual sense, it 'transacts business' therein of any substantial character."  *United States v. Scophony Corp. of Am.*, 333 U.S. 795, 807 (1948) (internal citation omitted).  If venue is proper under Section 12, personal jurisdiction may be established by effecting service of process anywhere in the world upon that defendant.  *In re Vitamin C Antitrust Litig.*, 2012 WL 2930109, *4 (E.D. N.Y. July 18, 2012); *Go-Video, Inc. v. Akai Elec. Co. Ltd.*, 885 F.2d 1406, 1413–14 (9th Cir. 1989); 14D Fed. Prac. & Proc. Juris. § 3818 (4th ed.).

The Circuits are split regarding how the two clauses of Section 12—the venue clause and the service of process clause—may be used to establish personal jurisdiction over a corporate

defendant. The Third Circuit and Ninth Circuit have adopted a broad, independent interpretation that permits plaintiffs to rely upon either (1) the general venue statute, 28 U.S.C. § 1391, or (2) the Section 12 venue clause, combined with the Section 12 service of process clause.. *See In re Auto. Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 296–97 (3rd Cir. 2004); *Go-Video, Inc.*, 885 F.2d at 1413. The D.C. Circuit, Second Circuit, and Seventh Circuit have adopted a narrower, integrated reading requiring that in order to take advantage of the Section 12 service of process clause to establish personal jurisdiction, plaintiffs may only rely upon the Section 12. *See GTE New Media Servs., Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1351 (D.C. Cir. 2000); *Daniel v. Am. Bd. Of Emergency Med.*, 428 F.3d 408, 423–24 (2d Cir. 2005); *KM Enters., Inc., v. Global Traffic Techs., Inc.*, 725 F.3d 718, 730 (7th Cir. 2013). Under the narrow reading, Plaintiffs can only show proper venue in a district where a defendant "inhabit[s]" or is "found" or "transacts business." 15 U.S.C. § 22. The Eighth Circuit has not yet adopted either interpretation.

Defendants urge the Court to adopt the narrow reading of Section 12. (*e.g.* Doc. #305-1, p. 20.) Defendants collectively argue venue is improper in this District under the narrow reading of Section 12 because Plaintiffs do not allege facts to support the conclusion that Defendants 'transact business' in this District within the meaning of § 12. (Doc. #305, p. 24; Doc. #309, p. 20; Doc. #317, p. 6; Doc. #335, p. 17, Doc. #354, p. 7; Doc. #357, p. 7.) Under their narrow reading of Section 12, Defendants contend that venue is improper under § 1391 summarily because Defendants' physical absence from Missouri and lack of conduct within the District results in no substantial part of the underlying events occurring in Missouri. (*e.g.* Doc. #305-1, pp. 22-33, Doc. #318, pp. 17-18.) Defendants also argue that they have insufficient minimum contacts with Missouri to support a finding of personal jurisdiction that satisfies Due Process.

Plaintiffs argue that venue is proper in the Western District of Missouri and therefore this Court has personal jurisdiction over Defendants in this District under both the broad and narrow interpretations of Section 12's personal jurisdiction provision. Plaintiffs urge the Court to adopt the broad reading of Section 12 and "find personal jurisdiction and venue proper as to every Defendant." (Doc. #443, p. 18.) However, "[e]ven if the Court adopts the minority narrow reading, then Plaintiffs still have shown venue is proper as to most Defendants." (Doc. #443, p. 18.)

Plaintiffs argue venue is proper under the broad approach because "a substantial part of the events . . . giving rise to the claim occurred" in this District. 28 U.S.C. § 1391. Plaintiffs allege that "each Defendant has a significant presence in the nationwide market and the [FAC] has abundant allegations about the enormous harm inflicted on home sellers in this District through the inflated commissions . . . both on the MLSs in this District and nationwide." (Doc. #443, p. 18.) Plaintiffs state three of the four named Plaintiffs "sold homes located in this District, where they were injured because of the mandatory Challenged Rules (to which all Defendants adhered and enforced) required them to offer commission to buyer-brokers when listing their homes on the Heartland MLS or the Columbia Board of Realtors MLS, both in this District." (Doc. #443, p. 27.) Plaintiffs allege this is "enough to establish venue, as this Court previously held in indistinguishable circumstances in *Burnett*." (Doc. #443, p. 27.) Plaintiffs argue that venue is proper under the narrower approach because "Defendants transact business in this District under the Clayton Act, thereby supporting both venue and personal jurisdiction." (Doc. #443, p. 29.) Plaintiffs allege that Defendants either received revenue attributable to transacted business, operate or participate in referral networks, or receive referrals from Missouri agents within the District. Plaintiffs further argue that Defendants have sufficient contacts with

the United States, as is required by Section 12, to support a finding of personal jurisdiction that satisfies Due Process.

The Court need not adopt an interpretation of Section 12 because venue is proper and this Court has personal jurisdiction over Defendants in accordance with both the broad and narrow reading. Broadly, Plaintiffs have plausibly established that a "substantial part of the events" giving rise to the claim occurred with three of the four named Plaintiffs selling homes within this District where they were injured by the mandatory Challenged Rules which all Defendants enforced. 28 U.S.C. § 1391. Accordingly, venue is proper in the Western District of Missouri under § 1391 and the Court has personal jurisdiction over Defendants.

Narrowly, venue is proper in this District under Section 12's venue clause, which dictates that venue is proper in any district in which a corporation, "in the ordinary and usual sense [] 'transacts business' therein of any substantial character." *Scophony Corp.*, 333 U.S. at 807 (internal citation omitted). Section 12 was enacted to enlarge jurisdiction over corporations. *Id.* at 806–07. "Both purchases by a defendant in a district and sales by a defendant in a district are considered transactions of business for purposes of Section 12," and such business activity "need not be connected to the subject matter of the antitrust suit." *In re Blue Cross Blue Shield Antitrust Litig.*, 225 F. Supp. 3d 1269, 1293 (N.D. Ala. 2016) ("*In re Blue Cross*"); *Black v. Acme Markets, Inc.*, 564 F.2d 681, 687 (5th Cir. 1977). Further, a "corporation can transact business within a district even if all of the relevant transactions are interstate in character." *In re Blue Cross*, 225 F. Supp. 3d at 1293. "[T]he substantiality of the business transacted is to be judged from the point of view of the average businessman and not in proportion to the sales or revenues of the defendant." *Black v. Acme Markets, Inc.*, 564 F.2d 681, 687 (5th Cir. 1977) (internal citations omitted); *Katz Drug Co. v. W. A. Sheaffer Pen Co.*, 6 F. Supp. 210, 212 (W.D.

Mo. 1932).  Further, "the purchases and/or sales which constitutes the transaction of business

need not be connected to the subject matter of th[e] suit." *Id.*  "The language of a particular case

should not be taken as a standard to be erected as a set of rigid prescriptions of the particular

incidents of business conduct which may constitute the transaction of business."  3 A. L. R. Fed.

120 (2019) (citing *Austad v. United States Steel Corp.* 141 F. Supp. 437, 440 (N.D. Cal. 1956)).

"[W]hat constitutes transacting business . . . cannot be determined by drawing up a checklist of

specific incidents of business done and comparing it with the activities in a particular case."  *Id.*

(citing *Abrams v. Bendix Home Appliances, Inc.* 96 F. Supp. 3, 8 (S.D.N.Y. 1951)).  "Although

there is no 'singular definitive test for transacting business,' the most important factor to

consider is 'the dollar amount of business transacted in the district.'"  *In re Blue Cross*, 225 F.

Supp. 3d at 1293 (internal citation omitted).

Plaintiffs have plausibly alleged that each Defendant participated in a nationwide

conspiracy by agreeing to and enforcing the Challenged Rules nationwide and specifically within

this District.  *See In re Blue Cross*, 225 F. Supp. 3d at 1313. Plaintiffs allege that each Defendant

"regularly receives revenue attributable to business transacted in this District."  (Doc. #443, p.

17.)  Specifically, Plaintiffs plausibly allege that Defendant Berkshire Hathaway Energy has

control over a wholly owned subsidiary in this District, Defendant Crye-Leike represented

parties in residential sales and has agents in this District, Defendant Hanna Holdings, Inc.

receives yearly referral program income and controls affiliates in this District, Defendant

William L. Lyon did not contradict Plaintiffs' claims of referral revenue in this District,

Defendant William Raveis Real Estate, Inc. participated in referral business with Missouri agents

in this District, and Defendant Windermere Real Estate Services Company, Inc. did not

contradict Plaintiffs' claims of referral revenue in this District.  Therefore, under the narrow

interpretation, venue is proper under Section 12, Defendants satisfy the standard of minimum contacts with the United States, and the Court has personal jurisdiction over Defendants.

### B. Count I: Violation of Section 1 of the Sherman Act Failure to State a Claim

Section 1 of the Sherman Act prohibits "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce." 15 U.S.C. § 1. To establish a claim under Section 1 of the Sherman Act, a plaintiff must plead evidentiary facts which, if true, will prove: (1) there was a contract, combination, or conspiracy; (2) the agreement unreasonably restrained trade under either a per se rule of illegality or a rule-of-reason analysis; and (3) the restraint affected interstate commerce. *See HM Compounding Servs., Inc. v. Express Scripts, Inc.*, No. 4:14-CV-1858-JAR, 2015 WL 4162762, at *3 (E.D. Mo. July 9, 2015) (citations omitted). A plaintiff must additionally "demonstrate that he has suffered an 'antitrust injury' as a result of the alleged conduct of the defendants." *Insulate SB, Inc. v. Advanced Finishing Sys., Inc.*, 797 F.3d 538, 542 (8th Cir. 2015) (quoting *In re Canadian Import Antitrust Litig.*, 470 F.3d 785, 791 (8th Cir. 2006)).

Defendants collectively argue that Plaintiffs have not plausibly pled any agreement or conspiracy exists. (Doc. #342, p. 2; Doc. #340, p. 9.) Further, Defendants collectively argue that they have not joined or participated any agreement or conspiracy. (Doc. #305, pp. 24-25; Doc. #342, p. 4) Additionally, Defendants collectively argue that Plaintiffs have not plausibly alleged that the Challenged Rules are anticompetitive and therefore did not unreasonably restrain the trade. (Doc. #340, p. 28.) Finally, Defendants argue that Plaintiffs lack antitrust standing. (Doc. #340, p. 9)

### a. Existence of a Conspiracy

To demonstrate concerted action among defendants to restrain trade, a plaintiff must plead facts plausibly showing "the defendants shared a unity of purpose or a common design and understanding, or a meeting of the minds." *Insulate*, 797 F.3d at 543–44 (internal citations omitted). No formal or explicit agreement between the parties is required. *Id*. at 544, 548 (citing *United States v. Parke, Davis & Co*., 362 U.S. 29, 44 (1960)) ("[P]laintiffs can prove concerted action by showing a [defendant] took some action 'beyond mere announcement of his policy and the simple refusal to deal [and] employ[ed] other means which effect adherence to his' policies."). Concerted or collaborative action may be demonstrated by showing two or more parties "had a conscious commitment to a common scheme designed to achieve an unlawful objective." *Monsanto Co. v. Spray-Rite Serv. Corp*., 465 U.S. 752, 764 (1984) (internal citations and quotations omitted). "[T]he crucial question is whether the challenged anticompetitive conduct stem[s] from independent decision or from an agreement, tacit or express." *Park Irmat Drug Corp. v. Express Scripts Holding Co*., 911 F.3d 505, 516 (8th Cir. 2018) (internal quotation marks omitted).

The parties dispute whether Plaintiffs' factual allegations plausibly demonstrate the existence of an agreement among and between Defendants. Collectively, Defendants contend that Plaintiffs present no evidence showing the existence of an agreement between Defendants or any affirmative steps by Defendants and their associated brokers to adopt or implement Section the Challenged Rules. Defendants argue each Defendant's decision to join an MLS and enforce its listing policies is an act of independent, self-interested conduct as members of a trade association necessary for competitive success in regional real estate markets. Plaintiffs argue that NAR mandates MLS participants comply with the series of Challenged Rules that govern the total commission that the seller will pay, thereby imposing an anticompetitive trade restraint.

Further, Plaintiffs allege that "[e]ach Defendant requires that its company-owned brokerages, franchisees, and/or affiliated agents join Realtor associations, join MLSs, and/or follow NAR or MLS rules and thus require participation in and adherence to the challenged, common scheme as a condition of doing business with Defendants." (Doc. #442, pp. 9-10.) This required participation mandates "the disclosure of offers of cooperative compensation, restricting negotiation of the same, limit[s] the information that can be shared about commissions, and . . . deprives the marketplace of independent centers of decisionmaking." (Doc. #442, p. 29.)

Upon review of the conspiracy element of their Section 1 claim, the Court finds Plaintiffs satisfy the pleading requirements necessary to survive the motions to dismiss. Plaintiffs' assertion that Defendants agreed to carry out NAR's allegedly anticompetitive policies is adequately supported by factual allegations regarding both the substance and nature of their purported agreement. Plaintiffs present facts showing the terms and effects of the alleged horizontal agreement and the methods allegedly used by Defendants to uphold and perpetuate it. In turn, Plaintiffs' allegations plausibly suggest the franchisees, subsidiaries, and agents of each Defendant knew of, complied with, participated in, and benefitted from the Challenged Rules. *See, e.g., Interstate Circuit, Inc. v. United States*, 306 U.S. 208, 227 (1939) ("Acceptance by competitors without previous agreement of an invitation to participate in a plan, the necessary consequence of which, if carried out, is restraint of interstate commerce, is sufficient to establish unlawful 'conspiracy' under the Sherman Anti-Trust Act.").

While Defendants claim that their employees and officers' various participation on NAR boards is not sufficient to correlate to a conspiracy, Plaintiffs sufficiently allege that NAR's Board annually reviewed, approved, and reissued the Challenged Rules. Taken as true and in a light most favorable to them, Plaintiffs adequately allege facts placing the conduct of each

Defendant "in a context that raises a suggestion of a preceding agreement" rather than "identical, independent action." *Twombly*, 550 U.S. at 557, 549; *see also Interstate Circuit*, 306 U.S. at 227; *Am. Needle, Inc. v. Nat'l Football League*, 560 U.S. 183, 195, 199 (2010) ("Any joint venture involves multiple sources of economic power cooperating to produce a product. And for many such ventures, the participation of others is necessary. But that does not mean that necessity of cooperation transforms concerted action into independent action."). As to this element, that is sufficient to survive dismissal.

### b. Unreasonable Restraint of Trade

"Despite its broad language, Section 1 has long been interpreted to outlaw only those restraints that are 'unreasonable.'" *Craftsmen Limousine, Inc. v. Ford Motor Co.* ("*Craftsmen I*"), 363 F.3d 761, 772 (8th Cir. 2004) (quoting *Arizona v. Maricopa Cnty. Med. Soc'y*, 457 U.S. 332, 343 (1982). An antitrust plaintiff must demonstrate the alleged conspiracy "unreasonably restrains trade in a relevant product or geographic market." *Minn. Ass'n of Nurse Anesthetists v. Unity Hosp.*, 208 F.3d 655, 659 (8th Cir. 2000). Whether a trade restraint is unreasonable is evaluated under either the per se rule of illegality, the more common "rule of reason" analysis, or the "quick look" analysis. *Id.*; *Craftsmen I*, 363 F.3d at 772. However, the determination of which analysis to use "is best left to the merits stage of [the] proceeding." *Sitzer v. Nat'l Ass'n of Realtors*, 420 F. Supp. 3d 903, 913 (W.D. Mo. 2019) n.3; *Moehrl v. Nat'l Ass'n of Realtors*, 492 F. Supp. 3d 768, 782 (N.D. Ill. 2020). Under the rule-of-reason standard, the relevant inquiry "is whether, on balance, the challenged agreement is one that 'merely regulates and perhaps thereby promotes competition or whether it is such as may suppress or even destroy competition.'" *Rosebrough Monument Co. v. Mem'l Park Cemetery Ass'n*, 666 F.2d 1130, 1138 (8th Cir. 1981) (quoting *Cont'l T.V., Inc. v. GTE Sylvania Inc.*, 433 U.S. 36, 49 (1977)). The

unreasonableness of a restraint on competition is a fact-intensive inquiry evaluated within the context of the relevant product and/or geographic market. *Rosebrough*, 666 F.2d at 1138; *Nat'l Soc'y of Prof'l Engineers v. United States*, 435 U.S. 679, 691 (1978). Specifically, a plaintiff must allege that (1) defendant has market power within a plausible market and (2) the challenged restraints are anticompetitive. *Rosebrough*, 666 F.2d at 1138.

### i. Relevant Product and Geographic Market

As a preliminary matter, a plaintiff must properly define the relevant product or market where competition is suppressed by the allegedly anticompetitive restraint. *See Double D*, 136 F.3d at 558–560 ("The 'rule of reason' analysis involves an inquiry into the market structure and the defendant's market power in order to assess the actual effect of the restraint."). Given that a "proper market definition can be determined only after a factual inquiry into the commercial realities faced by consumers," dismissal at the motion to dismiss stage based on a plaintiff's market definition is disfavored. *Id.* at 560.

Plaintiffs argue they have plead relevant two relative geographic markets: (1) the local and regional market area no larger than the areas served by an MLS and (2) the United States. Plaintiffs state that within those geographic markets, the Challenged Rules, apply to all homes listed on the MLS and all real estate brokers participating in an MLS, making access to MLSs a commercial necessity for brokers. Plaintiffs allege that the relevant product market is the bundle of services residential brokers with MLS access provide to homebuyers and sellers due to the absence of reasonable alternatives to MLSs or brokerage services combined with the commercial necessity for MLS access by brokers and sellers. Defendants argue that Plaintiffs' United States geographic market is implausible because real estate is by nature local, and Plaintiffs' local and regional geographic market is impermissibly vague because the market could be smaller than the

area served by an MLS. Additionally, Defendants allege that Plaintiffs' relevant product market fails because substitutes to brokerage services and MLSs may exist, not all interchangeable options to brokerage services are included, and Plaintiffs proposed market is two-sided, including both buyers and sellers.

The Court finds Plaintiffs adequately defined the relevant geographic market and product market negatively impacted by the Challenged Rules. Geographically, Plaintiffs describe in detail the local nature of real estate, the anticompetitive restraints of the Challenged Rules on the MLSs, and the essential role of MLSs in residential real estate transactions. In describing the relevant product market, Plaintiffs present factual allegations demonstrating the universal anticompetitive restraint that all brokers participating in an MLS are subject to and lack of reasonable substitutes for services due to the Challenged Rules. Finally, Plaintiffs have plausibly alleged a potential for adverse effects. *Ind. Fed'n of Dentists*, 476 U.S. at 460–61. At this stage, Plaintiffs do not need address whether their proposed product market is two-sided for both buyers and sellers. *See Moehrl*, 492 F. Supp. 3d at 783 n.7 (rejecting motion to dismiss argument that "Plaintiffs fail to allege anticompetitive effects . . . based on the Corporate Defendants' contention that Plaintiffs' allegations ignore the corresponding benefits to both home sellers and home buyers"). Therefore, Plaintiffs' allegations define a plausible, valid, and sufficiently broad relevant market to which a rule-of-reason analysis could be applied. *See Double D*, 136 F.3d at 560; *Foam Supplies, Inc. v. Dow Chem. Co*., No. 4:05-CV-1772-CDP, 2006 WL 2225392, at *4 (E.D. Mo. Aug. 2, 2006).

### ii. Detrimental Effects on Competition

Once adequately defining the relevant market, the rule of reason requires Plaintiffs to allege facts plausibly showing the alleged anticompetitive conduct has a detrimental effect on

competition within the relevant market or "the potential for genuine adverse effects on competition." *Flegel v. Christian Hosp., Ne.-Nw.*, 4 F.3d 682, 688 (8th Cir. 1993); *Craftsmen Limousine, Inc. v. Ford Motor Co.* (*Craftsmen II*), 491 F.3d 380, 388 (8th Cir. 2007). While recognizing the parties have not yet had the benefit of discovery, Plaintiffs must still present a plausible factual basis for the alleged anticompetitive effects. *See Double D*, 136 F.3d at 560.

Defendants argue Plaintiffs fail to allege any genuine adverse effects on competition in the relevant market, therefore they must show detrimental effects through market power. However, Defendants argue that it is impossible for each different Defendant to have sufficient market power in each relevant local market. Plaintiffs argue the Defendants, along with their co-conspirators, participated in a national scheme to implement and derive advantage from the Challenged Rules and under their combined efforts, Defendants produced detrimental effects through market power nationally. Plaintiffs allege that through their combined efforts, Defendants have the power to raise commissions in each relevant market, thus exhibiting market power.

Here, the Court finds that Plaintiffs plausibly allege that Defendants exerted an unreasonable restraint on trade. *See Ind. Fed'n of Dentists*, 476 U.S. at 460–61; *Ash*, 799 F.3d at 960. Given that each Defendant agreed to follow the Challenged Rules for all homes listed on MLs and lack of alternatives to MLS listed homes, Plaintiffs demonstrate the significant influence exerted by Defendants. Additionally, Plaintiffs plausibly allege genuine anticompetitive effects of Defendants' market power through economic analysis and industry experts. As to this element, Plaintiffs present enough factual allegations to survive dismissal.

**c.      Antitrust Injury and Standing**

To recover damages, "a private plaintiff must demonstrate that he has suffered an 'antitrust injury' as a result of the alleged conduct of the defendants, and that he has standing to pursue a claim under the federal antitrust laws." *Insulate*, 797 F.3d at 542 (quoting *In re Canadian Import Antitrust Litig.*, 470 F.3d at 791). Standing to sue under the Sherman Act "requires an evaluation of the plaintiff's harm, the alleged wrongdoing by the defendant, and the relationship between them." *Gen. Indus. Corp. v. Hartz Mountain Corp.*, 810 F.2d 795, 809 (8th Cir. 1987) ("[M]ere causal connection between an antitrust violation and harm to a plaintiff cannot be the basis for antitrust compensation unless the injury is directly related to the harm the antitrust laws were designed to protect.").

Defendants argue that Plaintiffs lack antitrust standing because they cannot show they suffered a legally cognizable antitrust injury as indirect purchasers of the allegedly overpriced buyer-broker services. Defendants state that the seller-broker paid the buyer-broker's commission rather than Plaintiffs as the home sellers. Plaintiffs alternatively argue that they are direct purchasers either because they paid inflated total commission, which includes the buyer-broker commission, directly to their listing brokers or because Plaintiffs as sellers paid for the buyer's agent and seller's agent from the closing costs.

The Court finds Plaintiffs allege a legally cognizable injury under the Sherman Act. Plaintiffs claim Defendants' anticompetitive agreement forced them to pay higher total sales commissions when they sold their homes and forced them to pay elevated buyer-broker commissions. Paying a higher price as a result of the alleged trade restraint is certainly the type of injury "antitrust laws were intended to prevent." *See Se. Mo. Hosp. v. C.R. Bard, Inc.*, 642 F.3d 608, 624–25 (8th Cir. 2011) (quoting *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489 (1977)). Plaintiffs also present facts sufficiently linking their alleged injury

Defendants' adherence to and enforcement of the Challenged Rules. Plaintiffs need only to present enough factual allegations to plausibly show that Defendants alleged anticompetitive actions are a "material cause" of their alleged injuries. *See Concord Boat Corp. v. Brunswick Corp.*, 207 F.3d 1039, 1060 (8th Cir. 2000) (quoting *Nat'l Ass'n of Rev. Appraisers & Mortgage Underwriters, Inc. v. Appraisal Found.*, 64 F.3d 1130, 1135 (8th Cir. 1995)). They have done so.

In sum, Plaintiffs satisfy their burden under Rule 12(b)(6) for each element of their federal antitrust claim under Section 1 of the Sherman Act. Defendants' motions to dismiss Count I for failure to state a claim are accordingly denied.

## IV. CONCLUSION

Accordingly, it is ORDERED that Defendant William Raveis Real Estate Inc.'s Motion to Dismiss (Doc. #305); Defendant Hanna Holdings Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer to the Western District of Pennsylvania (Doc. #308); Defendant Crye-Leike Inc.'s 12(b)(2) and 12(b)(3) Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Doc. #315); Berkshire Hathaway Energy Company's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Doc. #333); Defendants Hanna Holdings, Inc., eXp World Holdings, Inc., eXp Realty, LLC, Weichert Real Estate Affiliates, Inc., Weichert Co., Berkshire Hathaway Energy Company, William Raveis Real Estate, Inc., Real Estate One, Inc., Inc., Crye-Leike Real Estate Services, and Illustrated Properties LLC's Motion to Dismiss Plaintiffs' Consolidated Amended Class Action Complaint (Doc. #339); Defendants eXp World Holdings, Inc. and eXp Realty LLC's Rule 12(b) Motion to Dismiss (Doc. #341); Defendant Windermere Real Estate Services Company Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Doc. #353); and Defendant

William L. Lyon & Associates, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Doc. #356) are DENIED. For the reasons discussed in the Gibson motion to strike order filed today, Defendant Berkshire Hathaway Energy Company's request for dismissal under Fed. R. Civ. P. 12(f) (Doc. #343) is likewise DENIED.

**IT IS SO ORDERED.**


/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: December 16, 2024

| From: | ecfMOW.notification@mow.uscourts.gov |
|---|---|
| To: | cmecf_atynotifications@mow.uscourts.gov |
| Subject: | Activity in Case 4:23-cv-00788-SRB Gibson et al v. National Association of Realtors et al Order on Motion for Reconsideration |
| Date: | Thursday, January 23, 2025 11:29:15 AM |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## U.S. District Court

## Western District of Missouri

## Notice of Electronic Filing

The following transaction was entered on 1/23/2025 at 10:27 AM CST and filed on 1/23/2025

| | |
|---|---|
| **Case Name:** | Gibson et al v. National Association of Realtors et al |
| **Case Number:** | 4:23-cv-00788-SRB |
| **Filer:** | |
| **Document Number:** | 648(No document attached) |

**Docket Text:**
**Before the Court is Defendant Crye-Leike, Inc.'s ("Crye-Leike") Motion for Reconsideration or Order Denying Crye-Leike, Inc's 12(b)(2) & 12(b)(3) Motion to Dismiss for Lack of Personal Jurisdiction & Improper Venue (Doc. #[640]) and Motion for Reconsideration of Order Denying Crye-Leike, Inc.'s 12(f) Motion to Strike Class Allegations as to Class Members Who Waived the Right to Participate in a Class Action. (Doc. #[642].) "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs.*, 627 F.3d 716, 718 (8th Cir. 2010). However, the Court "has an interest in judicial economy and ensuring respect for the finality of its decisions, values that would be undermined if it were to routinely reconsider its interlocutory orders." *Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co.*, No. 3:09-CV-05078-DGK, 2010 WL 3522476, at \*1 (W.D. Mo. Sept. 2, 2010). Therefore, a "district court has wide discretion over whether to grant a motion for reconsideration of a prior order[.]" *SPV-LS, LLC v. Transamerica Life Ins. Co.*, 912 F.3d 1106, 1111 (8th Cir. 2019). Upon review, the motions have been duly considered and are both DENIED. Signed on 1/23/2025 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey)**


**4:23-cv-00788-SRB Notice has been electronically mailed to:**

| | |
|---|---|
| **From:** | ecfMOW.notification@mow.uscourts.gov |
| **To:** | cmecf_atynotifications@mow.uscourts.gov |
| **Subject:** | Activity in Case 4:23-cv-00788-SRB Gibson et al v. National Association of Realtors et al Order on Motion for Certificate of Appealability |
| **Date:** | Monday, February 24, 2025 12:47:53 PM |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### Western District of Missouri

## Notice of Electronic Filing

The following transaction was entered on 2/24/2025 at 11:46 AM CST and filed on 2/24/2025
**Case Name:** Gibson et al v. National Association of Realtors et al
**Case Number:** 4:23-cv-00788-SRB
**Filer:**
**Document Number:** 683(No document attached)

**Docket Text:**
**Before the Court is Defendant Crye-Leike, Inc.'s ("Crye-Leike") Motion to Certify Questions for Interlocutory Appeal and For Stay Pending Interlocutory Appeal. (Doc. #[652].) 28 U.S.C. § 1292(b) permits an interlocutory appeal of a non-final decision if the district court finds that: "(1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation."** ***Union County, Iowa v. Piper Jaffray & Co., Inc.***, **525 F.3d 643, 646 (8th Cir. 2008) (quotation marks and citation omitted). Motions to certify an interlocutory appeal pursuant to § 1292(b) "must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted."** ***White v. Nix***, **43 F.3d 374, 376 (8th Cir. 1994). Upon review, the Court finds Crye-Leike has not met its heavy burden and an interlocutory appeal in this matter is not warranted. Therefore, the motion is DENIED. Signed on 2/24/2025 by District Judge Stephen R. Bough.** This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey)

**4:23-cv-00788-SRB Notice has been electronically mailed to:**

Daniel Sasse     dsasse@crowell.com, akaplan@crowell.com, dan-sasse-7603@ecf.pacerpro.com, dseltzer@crowell.com, maria-quezada-4620@ecf.pacerpro.com,